EXHIBIT "A"



**BILL LOCKYER**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5707
Facsimile: (415) 703-5843
E-Mail: Robert.Reyff@doj.ca.gov



October 23, 2006

The Honorable Marla O. Anderson
Monterey County Superior Court
P.O. Box 1051
Salinas, CA 93902-0414

RE:    INFORMAL RESPONSE
       *In re Christopher Johnson* (E-65821), on Habeas Corpus
       Monterey County Superior Court, Case No. HC 5257

Dear Judge Anderson:

    I received your October 5, 2006 order requesting a further response to inmate Johnson's petition for writ of habeas corpus requesting a transfer to the California Medical Facility (CMF). Unfortunately, the court's exhibit A (Bates-stamped 328) was not attached to the court's order. I called the clerk's office and was told that they could not provide me with this document.

    As the court knows, inmate Johnson has an extensive medical file, and I did not find the document stating that he should be transferred to CMF. My copy of his petition has only two pages for exhibit B (Director's Decision, June 14, 2006) and neither page is Bates-stamped 328. Therefore, I respectfully request that the Court re-send the document Bates-stamped 328. Once I receive this document, I will review it with the Heath Care Manager at Salinas Valley State Prison, and provide the Court with a further response.

Sincerely,

ROBERT R. REYFF
Deputy Attorney General
State Bar No. 74945

For    BILL LOCKYER
       Attorney General

## **DECLARATION OF SERVICE BY U.S. MAIL**

Case Name:    **In re Johnson**

No.:    **HC 5257**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age and older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On October 23, 2006, I served the attached

### INFORMAL RESPONSE

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Christopher Johnson
E-65821
Salinas Valley State Prison
P. O. Box 1020
Soledad, CA 93960-1020
        *In Pro Per*
        *E-65821*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 23, 2006, at San Francisco, California.

| M. Argarin | Signature |
|---|---|
| Declarant | |

20063012.wpd

State of California                                    Department of Corrections and Rehabilitation
INFORMED CONSENT FOR MENTAL HEALTH CARE
CDCR 7448 (06/06)

## INFORMED CONSENT FOR MENTAL HEALTH CARE

Dr. _GARLAN_____ met with me and discussed psychological services offered at SVSP.
     Print Clinician's Name

- I understand that my involvement in the Mental Health Services program at Salinas Valley State Prison is voluntary.
- I understand that my involvement in the psychological programs at Salinas Valley State Prison may include psychological assessment and therapy and that these are voluntary. I also understand that my housing assignment and program enrollment is determined by the staff, and although I may choose not to participate in a mental health program, I am required to accept a cell in the area assigned by the staff.
- I understand that if I participate in psychological assessment or therapy, I may learn things about myself that may help me to understand my psychological functioning and to manage psychological problems that I may have.
- I understand that if I participate in psychological assessment or therapy I may learn things about myself that may cause discomfort or distress.
- I understand that I may stop my participation in psychological assessment or therapy at any time.
- I understand that I may withdraw my consent at any time by informing my treating psychologist.
- I understand that I may receive involuntary treatment, if, as a result of my mental or emotional state, I pose a danger to myself or others or I am unable to adequately care for myself.
- I understand that the clinician will not disclose information about my participation in psychological assessment or therapy to anyone not involved in the mental health program unless one of the following exceptions, as described in the 7448 Limits of Confidentiality and Record Keeping for Psychological Services, exists.
- I have read and/or discussed and understand the above statements and the risks and benefits of psychological assessment and treatment. I have been given an opportunity to ask questions about it.

    { } I do consent    { } I do not consent    { } Inmate refused to sign, but has been
                                               informed and has the capacity to understand.


_____     _____
Inmate's Signature/CDCR Number          Date

{ } I have discussed with the inmate the information on this form regarding psychological services. It is my opinion he has the capacity to understand that he may be mentally ill, that psychological assessment and treatment services may help with his functioning, and there are possible adverse effects of psychological assessment and treatment.

{ } I have discussed with the inmate the information on this form regarding psychological services. It is my opinion that he lacks the capacity to understand based on the following evidence:


**Clinician's Name/Signature**         **Date**

State of California                                          Department of Corrections and Rehabilitation
INFORMED CONSENT FOR MENTAL HEALTH CARE
CDCR 7448 (06/06)

## INFORMED CONSENT FOR MENTAL HEALTH CARE

# Limits of Confidentiality and Record Keeping for Mental Health Services

- I understand that my mental health treatment is confidential and mental health staff will not disclose information about my treatment to anyone who is not involved in the mental health program without my permission, unless one of the following exceptions exist:
- Any proceeding where I raise the issue of my mental or emotional condition.
- If I enlist the services of a mental health professional to aid in the commission of a crime or tort or to escape detection after the commission of a crime or tort.
- If my clinician has reason to believe that I have been involved in, or have knowledge of neglect, physical, emotional, or sexual abuse of a child. This includes abuse perpetrated against me as a child, if the abuser may still have access to children and the abuse was not previously reported.
- **If my clinician has reason to believe that I have been involved in, or have knowledge of financial exploitation, neglect, physical, emotional, or sexual abuse of an elder or dependent adult.**
- When the clinician believes my mental or emotional condition may cause me to be: (a) unable to adequately care for myself; (b) a danger to myself, or (c) a danger to others, and the clinician believes that disclosure is necessary in order to prevent any of the above (such as threats to harm myself or threats to harm others).
- In this setting, it may be necessary for my clinician to disclose confidential information in order to ensure the security of the institution and the safety of the staff, other inmates and the public, and my health and safety (e.g., to prevent escape, to prevent riots or assaults, to prevent the admittance of contraband, in the case of over familiarity or romantic relationships with staff, indecent exposure, or in the case of sexual assault regardless of whether I am the perpetrator or the victim).
- In this setting, information from my Unit Health Record may be used to complete required evaluations, including, but not limited to the Board of Prison Terms Reports, Mentally Disordered Offender evaluations, Sexually Violent Predator evaluations, and evaluations for involuntary medications (Keyhea). In these cases, information from my Unit Health Record may be made available to the courts and to mental health professionals outside of the California Department of Corrections and Rehabilitation.
- I understand that while I am under the supervision of the California Department of Corrections and Rehabilitation, the Mental Health Treatment Team may include correctional counselors, parole officers, and other correctional staff.
- I understand that my treatment will be documented in my Unit Health Record and placement chronos will be placed in my Central File.
- I understand that the Unit Health Record is confidential and can only be read by staff authorized to view it which includes mental health, medical, and dental staff members.
- I understand that my Unit Health Record is confidential and information in the record cannot be released to anyone outside the California Department of Corrections and Rehabilitation without my written consent, except as noted above.
I have read and/or discussed and understand the above statements about confidentiality and record keeping and I have been given the opportunity to ask questions about it.

_____          _____
Inmate's Signature/CDCR Number                              Date

{ } I have discussed with the inmate the information on this form regarding confidentiality and record keeping for psychological services. It is my opinion he has the capacity to understand this information.

{ } I have discussed with the inmate the information on this form regarding confidentiality and record keeping for psychological services. It is my opinion that he lacks the capacity to understand based on the following evidence:

Clinician's Name/Signature                                      Date

State of California                                                        Department of Corrections and Rehabilitation
INFORMED CONSENT FOR MENTAL HEALTH CARE
CDCR 7448  (06/06)

## INFORMED CONSENT FOR MENTAL HEALTH CARE

# Limits of Confidentiality and Record Keeping for Mental Health Services

- I understand that my mental health treatment is confidential and mental health staff will not disclose information about my treatment to anyone who is not involved in the mental health program without my permission, unless one of the following exceptions exist:
- Any proceeding where I raise the issue of my mental or emotional condition.
- If I enlist the services of a mental health professional to aid in the commission of a crime or tort or to escape detection after the commission of a crime or tort.
- If my clinician has reason to believe that I have been involved in, or have knowledge of neglect, physical, emotional, or sexual abuse of a child. This includes abuse perpetrated against me as a child, if the abuser may still have access to children and the abuse was not previously reported.
- **If my clinician has reason to believe that I have been involved in, or have knowledge of financial exploitation, neglect, physical, emotional, or sexual abuse of an elder or dependent adult.**
- When the clinician believes my mental or emotional condition may cause me to be: (a) unable to adequately care for myself; (b) a danger to myself, or (c) a danger to others, and the clinician believes that disclosure is necessary in order to prevent any of the above (such as threats to harm myself or threats to harm others).
- In this setting, it may be necessary for my clinician to disclose confidential information in order to ensure the security of the institution and the safety of the staff, other inmates and the public, and my health and safety (e.g., to prevent escape, to prevent riots or assaults, to prevent the admittance of contraband, in the case of over familiarity or romantic relationships with staff, indecent exposure, or in the case of sexual assault regardless of whether I am the perpetrator or the victim).
- In this setting, information from my Unit Health Record may be used to complete required evaluations, including, but not limited to the Board of Prison Terms Reports, Mentally Disordered Offender evaluations, Sexually Violent Predator evaluations, and evaluations for involuntary medications (Keyhea). In these cases, information from my Unit Health Record may be made available to the courts and to mental health professionals outside of the California Department of Corrections and Rehabilitation.
- I understand that while I am under the supervision of the California Department of Corrections and Rehabilitation, the Mental Health Treatment Team may include correctional counselors, parole officers, and other correctional staff.
- I understand that my treatment will be documented in my Unit Health Record and placement chronos will be placed in my Central File.
- I understand that the Unit Health Record is confidential and can only be read by staff authorized to view it which includes mental health, medical, and dental staff members.
- I understand that my Unit Health Record is confidential and information in the record cannot be released to anyone outside the California Department of Corrections and Rehabilitation without my written consent, except as noted above.
I have read and/or discussed and understand the above statements about confidentiality and record keeping and I have been given the opportunity to ask questions about it.

_____          _____
Inmate's Signature/CDCR Number                                          Date

{ } I have discussed with the inmate the information on this form regarding confidentiality and record keeping for psychological services. It is my opinion he has the capacity to understand this information.

{ } I have discussed with the inmate the information on this form regarding confidentiality and record keeping for psychological services. It is my opinion that he lacks the capacity to understand based on the following evidence:

Clinician's Name/Signature                                          Date

| REASON FOR REQUEST (STATEMENT OF CHIEF MEDICAL OFFICER) |
|---|

DESCRIPTION OF CONDITION SUGGESTING REMOVAL.

INTERMEDULARY ROD IN LEFT FEMUR PRODUCING SEVERE PAIN

DESCRIPTION OF EXAMINATION OR THERAPY RECOMMENDED

CONSULTATION WITH DR BOYDEN ORTHOPEDIC SPECIALIST

NATURE AND IMMEDIACY OF SERVICE:    ☒ MANDATORY    ☐ EMERGENCY    ☐ ELECTIVE

NAME OF HOSPITAL, CLINIC, OFFICE OR OTHER PLACE RECOMMENDED

R. BOYDEN ON MARCH 1, 2000 AT 0930 HOURS 555 ARLINGTON AVE. RENO NEV. 800-748-6861

WHY CAN'T THE PROCEDURE BE DONE INTRAMURALLY?

NO SERVICES AVAILABLE.

PRECAUTION INSTRUCTIONS (DEFINED ON REVERSE):    ☒ UNIVERSAL    ☐ RESPIRATORY    ☐ ENTERIC

ESTIMATED TIME AWAY FROM FACILITY (NOT MORE THAN 3 DAYS)

4 TO 6 HOURS

SIGNATURE OF CHIEF MEDICAL OFFICER                     Gordon A. Gilkes, M.D., M.P.H.    DATE
                                                       Chief Medical Officer / HCM       2/7/00

| CUSTODIAL STATUS (STATEMENT OF ASSIGN Desert Slate son High Desert Johnson | | | | |
|---|---|---|---|---|
| OFFENSE | TERM | RELEASE DATE | CUSTODIAL CLASSIFICATION ☐ MAXIMUM  ☐ MEDIUM | ☐ MINIMUM |
| COMMITTED FROM | DATE RECEIVED | CONDUCT DURING INCARCERATION | | ESCAPE RISK |

REMARKS

SIGNATURE OF ASSOCIATE WARDEN                                                    DATE

UNDER THE PROVISIONS OF SECTION 2690 OF THE PENAL CODE, AUTHORIZATION IS GIVEN FOR THE TEMPORARY REMOVAL OF INMATE IDENTIFIED BELOW FROM THE FACILITY IN WHICH HE/SHE IS NOW CONFINED IN ORDER THAT HE/SHE MAY RECEIVE MEDICAL TREATMENT IN ACCORDANCE WITH THE ABOVE RECOMMENDATIONS.

| REQUEST:  ☐ APPROVED   ☐ DENIED | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|
| SPECIAL CONDITIONS. | E65821 JOHNSON, CHRISTOPHER DOB 11-30-70 |

| WARDEN'S SIGNATURE | DATE | FACILITY |
|---|---|---|

# REQUEST FOR AUTHORIZATION OF TEMPORARY REMOVAL FOR MEDICAL TREATMENT

DC 7252 (3.93)
STATE OF CALIFORNIA                              DEPARTMENT OF CORRECTIONS

**REASON FOR REQUEST (STATEMENT OF CHIEF MEDICAL OFFICER)**

DESCRIPTION OF CONDITION SUGGESTING REMOVAL

MECHANICAL COMLICATION OF INTERNAL ORTHOTICS.
PAIN IN JOINTS PELVIC REGION.

DESCRIPTION OF EXAMINATION OR THERAPY RECOMMENDED

SCOPE LEFT KNEE WITH ROD REMOVAL.

| NATURE AND IMMEDIACY OF SERVICE: | ☒ MANDATORY | ☐ EMERGENCY | ☐ ELECTIVE |
|---|---|---|---|

NAME OF HOSPITAL, CLINIC, OFFICE OR OTHER PLACE RECOMMENDED
DR. BOYDEN NORTHERN NEVADA MED. CENTER 2375 E. PRATER WY. SPARKS, NEV 775-331-7000 WED. 5-17-

WHY CANT THE PROCEDURE BE DONE INTRAMURALLY?

AT 1130 HOURS.

NO SERVICES AVAILABLE.

| PRECAUTION INSTRUCTIONS (DEFINED ON REVERSE): | ☒ UNIVERSAL | ☐ RESPIRATORY | ☐ ENTERIC |
|---|---|---|---|

ESTIMATED TIME AWAY FROM FACILITY (NOT MORE THAN 3 DAYS)
ONE TO THREE DAYS.

| SIGNATURE OF CHIEF MEDICAL OFFICER | | DATE |
|---|---|---|
| | ( M.O / HCA ( A ) | 3-2-06 |

**CUSTODIAL STATUS (STATEMENT OF ASSOCIATE WARDEN)**

| OFFENSE | TERM | RELEASE DATE | CUSTODIAL CLASSIFICATION | |
|---|---|---|---|---|
| | | | ☐ MAXIMUM   ☐ MEDIUM | ☐ MINIMUM |

| COMMITTED FROM | DATE RECEIVED | CONDUCT DURING INCARCERATION | ESCAPE RISK |
|---|---|---|---|

REMARKS

SIGNATURE OF ASSOCIATE WARDEN | DATE

UNDER THE PROVISIONS OF SECTION 2690 OF THE PENAL CODE, AUTHORIZATION IS GIVEN FOR THE TEMPORARY REMOVAL OF INMATE IDENTIFIED BELOW FROM THE FACILITY IN WHICH HE/SHE IS NOW CONFINED IN ORDER THAT HE/SHE MAY RECEIVE MEDICAL TREATMENT IN ACCORDANCE WITH THE ABOVE RECOMMENDATIONS.

| REQUEST: ☐ APPROVED ☐ DENIED | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
|---|---|
| SPECIAL CONDITIONS | JOHNSON, CHRISTOPHER<br>E 65821<br>DOB 11-30-70 |

| WARDEN'S SIGNATURE | DATE | FACILITY |
|---|---|---|

# REQUEST FOR AUTHORIZATION OF TEMPORARY
# REMOVAL FOR MEDICAL TREATMENT

DC 7252 (3/93)
STATE OF CALIFORNIA                          DEPARTMENT OF CORRECTIONS

## ORTHOPEDIC CONSULTATION

### MARK M. LAU, M.D.
### GREGORY J. DUNCAN, M.D.

The patient returns for re-evaluation of pain in his left knee associated with a grinding sensation during any attempt to flex or extend the knee.

Patient has a known defect in the patellar cartilage down to subchondral bone as visualized at the previous surgery.

He is still using crutches in order to ambulate.

**PHYSICAL EXAMINATION:**    On exam, the longitudinal incision across the front of the knee is healed but there is marked crepitus in the patellofemoral area in both flexion and extension and the crepitus is painful.  Any pressure on the patella produces pain during knee flexion or extension.

The patient is also having some pain in his low back and left hip area as a result of his altered gait.  He does not have any crepitus in the hip joint area with hip rotation and there does not appear to be any deferred pain from the hip to account for his pain in the knee.  Range of motion of the left knee is approximately 10 to 115 degrees.  The patient complains of pain at any extremes of motion.-

**IMPRESSION:**
> **SEVERE PATELLAR CARTILAGE INJURY LEFT KNEE WITH CHRONIC PAIN.**

The patient is considered totally disabled as a result of his condition.  The knee problem tends to produce increasing pain with any ambulation but also with sitting in one position which places the knee cap in contact with the femur.  This is known to increase pain in patient's with patellofemoral problems.

The patient was asking about arthroscopic treatment but I am not convinced this would relieve his symptoms.  The patient may benefit from a patellar resurfacing procedure but this is a relatively new and specialized procedure that is not available in this area, and he would need to see a physician at the medical facility in the Bay Area or at some other appropriate facility where consultation could be obtained.  As I explained to the patient there is no guarantee that the physician would recommend patellar resurfacing but it appears that he would be a potential candidate for that procedure, at least enough to justify a consultation to answer these questions.

**GREGORY J. DUNCAN M.D.**



# ORTHOPEDIC CONSULTATION

## MARK M. LAU, M.D.
## GREGORY J. DUNCAN, M.D.

Mr. Johnson is a 27 year old male who had a history of a left femur fracture that was treated with an intermedullary rod.  Approximately four months ago, he underwent surgery at which time the patella was inspected and he was noted to have a large chondral defect which appeared to be the result of impingement against the distal portion of the intermedullary rod.

Following this surgery, the patient has had to continue using crutches as a result of chronic pain in the anterior aspect of the left knee. He also has some strain on the left hip as a result of his inability to adequately bear weight on the left knee.

## PHYSICAL EXAMINATION
Surgical incision is well healed.  There is marked crepitus localized to the patella with attempts at knee flexion and extension.  There does not appear to be any mechanical block deflection or extension.    The pain in his knee is reproduced with passive compression of the patella against the distal femur.

A review of the operative note from last September documents the patellar injury which is consistent with the physical findings.

**IMPRESSION:**    **PATELLAR INJURY, LEFT KNEE.**

## PLAN
As I explained to the patient, there is no way to resurface the kneecap and it is the loss of cartilage that is responsible for his continued symptoms. ' Attempt should be made to rehabilitate the left lower extremity.  However, given the degree of grinding present within his left knee, I would consider him totally disabled and unable to perform any work. This disability is not expected to improve anytime in the near future and will be expected to prevent him from returning to any type of manual work as long as he is in the prison which is expected to continue for approximately two to four years.

02/04/98    JOHNSON, CHRISTOPHER    E65821  A5-107  PBSP  GJD/je
ORTHOPEDICS CONSULTATION

COPY

Patient has tried anti-inflammatories including Indocin which is a powerful anti-inflammatory medication without relief. We will try using a knee brace which should help somewhat with the symptoms, but I would doubt that use of brace will improve his symptoms to the point where he will be able to return to work. His physical therapy has been ordered and the patient will be given some additional knee exercises today to help begin rehabilitating the knee.

_____

**GREGORY J. DUNCAN, M.D.**

d: 02/04/98
t: 02/05/98

Recommend to Dr. John Kofoed CMF for possible knee resurfacing procedure

for Duncan & han 5/6/98

02/04/98    **JOHNSON, CHRISTOPHER    E65821   A5-107    PBSP    GJD/je - 2**
**ORTHOPEDICS CONSULTATION**

COPY

# SALINAS VALLEY RADIOLOGISTS, INC.
A MEDICAL GROUP
559 Abbott Street · Salinas, California 93901
Telephone (831) 775-5200

JAMES A. KOWALSKI, M.D.
DONALD A. CATALANO, M.D.
GILES A. DUESDIEKER, M.D.
MICHAEL E. BASSE, M.D.
DAVID A. STAUNTON, M.D.



GARY E. FALKOFF, M.D.
RICHARD A. VILLALOBOS, M.D.
CHRIS GLENN, M.D.
B. MSA HOSOHAMA, M.D.
Y-LAN HO, M.D.

| PATIENT NAME | ACCOUNT NO | | RADIOLOGY NUMBER |
|---|---|---|---|
| CHRISTOPHER-E65821 JOHNSON | 9305000 | | 9305000 |

| AT THE REQUEST OF | DATE OF BIRTH | AGE/SEX | DATE OF SERVICE |
|---|---|---|---|
| RANDOLF GIBBS MD | 11/30/1970 | 34/M | 04/12/2005 |
| 31625 HIGHWAY 101 | | | |
| SOLEDAD, CA 93960 | | | |

The study was performed by an outside facility and the film submitted to Salinas Valley Radiologists for interpretation.

CHEST PA AND LATERAL

FINDINGS: Two views of the chest show a man with a mild rotatory scoliosis of the spine. The cardiomediastinal profile is normal. The lungs have a tendency to appear overinflated but there is no pneumothorax, infiltrate or effusion.

IMPRESSION:

1.     Overinflated appearing lungs consistent with the clinical diagnosis of asthma.

2.     Scoliosis.

Thank you for referring your patient to us,

*Giles A. Duesdieker MD*

Giles A. Duesdieker, MD
GAD/slh
4/20/05

Randolf Gibbs, M.D.
Salinas Valley State Prison

REC'D APR 2 5 2005

STATE OF CALIFOR...
DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)
CDC 1845 (Rev. 01/04)

CHECK ALL AP...

THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B

| INMATE NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM |
|---|---|---|---|---|
| JOHNSON, CHRISTOPHER | E-65821 | SUSP | D3 111 | 2/2-? |

*Sections A - B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| ☐ Inmate self-identifies to staff    ☐ Third party evaluation request | ☐ Blind/Vision Impaired    ☐ Speech Impaired |
| ☐ Observation by staff    ☒ Medical documentation or Central File information | ☐ Deaf/Hearing Impaired    ☒ Mobility Impaired |

*Sections C - G to be completed by a physician only.*

| SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT | SECTION D: PERMANENT DISABILITIES NOT IMPACTING PL... |
|---|---|
| 1. ☐ FULL TIME WHEELCHAIR USER - DFW<br>Requires wheelchair accessible housing and path of travel. | 1. NO CORRESPONDING CATEGORY |
| 2. ☒ INTERMITTENT WHEELCHAIR USER - DPO<br>Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell. | 2. NO CORRESPONDING CATEGORY |
| 3. ☐ MOBILITY IMPAIRMENT - With or Without Assistive Device (Wheelchairs shall not be prescribed) - DPM<br>Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel. | 3. ☐ MOBILITY IMPAIRMENT (Lower Extremities) - DNM<br>Walks 100 yards without pause with or without assistive devices.<br>☐ No Housing Restrictions    ☐ See HOUSING RESTRICTIO in Section E<br>☐ Requires relatively level terrain and no obstructions in path of trav Do not place at: CCI, CMC-E, CRC, CTF-C, FSP, SCC I or II, SOL, or SQ. (CDC 128-C:___) |
| 4. ☐ DEAF/HEARING IMPAIRMENT - DPH<br>Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements. | 4. ☐ HEARING IMPAIRMENT - DNH<br>With residual hearing at a functional level with hearing aid(s). |
| 5. ☐ BLIND/VISION IMPAIRMENT - DPV<br>Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E). | 5. NO CORRESPONDING CATEGORY |
| 6. ☐ SPEECH IMPAIRMENT - DPS<br>Does not communicate effectively speaking or in writing. | 6. ☐ SPEECH IMPAIRMENT - DNS<br>Does not communicate effectively speaking, but does when writing |

SECTION E: ADDITIONAL MEDICAL INFORMATION

**CSR ALERT:**
☒ Requires relatively level terrain and no obstructions in path of travel
☐ Complex medical needs affecting placement    ☐ CDC 128-C 7/20/05

**HEALTH CARE APPLIANCE / IDENTIFICATION VEST:**
☐ Cane  ☐ Crutch  ☐ Walker  ☐ Leg/Arm prosthesis  ☐ V...
☒ Other: LOTTER & HMR    ☐ CDC 128-C(s) dated: 2/2...

**ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:**
☐ Feeding or Eating  ☐ Bathing  ☐ Grooming  ☐ W/C transferring
☐ Toileting  ☐ Other:____  ☐ CDC 128-C(s) dated:____

**OTHER DPP DESIGNATIONS:**
☐ NONE ____
| | CODE | DATED | CODE | DATED |
|---|---|---|---|---|

**HOUSING RESTRICTIONS:**  ☒ Lower bunk  ☒ No stairs  ☒ No triple bunk. CDC 128-C(s) dated: 7/2-0/05

SECTION F: EXCLUSIONS

☐ VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED: My physical examination or other objective data DOES NOT SUPPORT *claimed* disability (Explain in Comments Section and CDC 128-C dated ____).

☐ REMOVAL FROM A DPP CODE: Removal from previous DPP code: ____ (Explain in Comments Section and CDC 128-C dated: ____.)

☐ REMOVAL FROM ENTIRE PROGRAM: Removal from DPP code(s): ____ (Explain in Comments Section and CDC 128-C dated: ____.)

SECTION G: EFFECTIVE COMMUNICATION FACTORS

☐ Uses Sign Language Interpreter (SLI)  ☐ Reads Braille  ☐ Communicates with written notes  ☐ Requires large print or magnifier
☐ Reads lips  ☐ NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

PHYSICIAN'S COMMENTS: *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*
NEEDS WALKER CANE BECAUSE OF LOW BACK PAIN

| PHYSICIAN'S NAME (Print) | PHYSICIAN'S SIGNATURE | DATE SIGNED |
|---|---|---|
| ROBERT BOWMAN | | 7/20/05 |
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print) | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE | DATE SIGNED |
| | | 8/11/05 |

NOTE: After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional ma... and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

DISTRIBUTION: Original - Top General Chrono Section of C-File;    Green - Chrono Section, Unit Health Record    Canary - C&PR/CC-III;    Pink-CC-I;    Gold-Inmate

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS:** A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

| | | | | |
|---|---|---|---|---|
| None | | Bottom Bunk | (P)/ T _____ |
| Barrier Free/Wheelchair Access | P/T _____ | Single Cell (See 128-C date: _____ ) | P/T _____ |
| Ground Floor Cell | (P)/ T _____ | Permanent OHU / CTC (circle one) | P/T _____ |
| Continuous Powered Generator | P/T _____ | Other _____ | P/T _____ |

### B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair (type) _____ | (P)/ T _____ |
| Limb Prosthesis | P/T _____ | Contact Lens(es) & Supplies | P/T _____ |
| Brace | P/T _____ | Hearing Aid | P/T _____ |
| Crutches | P/T _____ | Special Garment: | |
| Cane; (type) _____ | P/T _____ | (specify) _____ | P/T _____ |
| Walker | P/T _____ | Rx. Glasses: _____ | P/T _____ |
| Dressing/Catheter/Colostomy Supplies | P/T _____ | Cotton Bedding | P/T _____ |
| Shoe: (specify) _____ | P/T _____ | Extra Mattress NEW MATTRESS | (P)/ T NEW |
| Dialysis Peritoneal | P/T _____ | Other _____ | P/T _____ |

### C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P/T / |
| Attendant to assist with meal access and other movement inside the institution. | P/T / | _____ | |
| | | Communication Assistance | P/T / |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P/T / |
| | | Short Beard | P/T / |
| Wheelchair Accessible Table | P/T / | Other _____ | P/T / |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?  ☒ Yes  ☐ No

If yes, specify: _No walking, standing, climbing_

| INSTITUTION | COMPLETED BY (PRINT NAME) | TITLE |
|---|---|---|
| SVSP | BOWMAN | MD |
| SIGNATURE Robert Bowman | DATE 9/10/07 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO SIGNATURE | DATE 9/11/0 | D2120 |
| (CIRCLE ONE) APPROVED / DENIED | | JOHNSON |
| | Copy to Worth Johnson | E 65821 |

COMPREHENSIVE ACCOMMODATION
CHRONO

CDC 7410 (03/04)

Distribution:
Original - Unit Health Record    Canary - Central File    Pink - Correctional Counselor    Gold - Inmate



**NOTE: Send copy of physician's order for medication**

**to pharmacy after each order is signed.**

| Order Date | Time | Problem # | Physician's Order & Medication ( Orders must be dated, timed & signed) |
|---|---|---|---|
| | | · | **Psychiatrist Discharge Orders from the MHCB:** |
| 2/7/08 | 1145 | | |
| | | | 1.  **Discharge diagnosis:** *Paranoid Psychosis -NOS* |
| | | | 2.  **Discharge to (specify if Ad Seg):** |
| | | | *Housing* |
| | | | 3.  **Follow-up appointment with (CM on yard/MD):** |
| | | | *24 hour custody observation + 5d. F/u with psychiatrist* |
| | | | 4.  **Medications (specify dose, # days, route, frequency):** |
| | | | a) *Pts on Keyhea order:* |
| | | | b) *Nydis 5 y po f AM + 10 y po HS* |
| | | | c) *If pt. refuses Nydis, give Zyprexa 10 y IM* |
| | | | *(NTE 2 IM doses/day x0mg).* |
| | | | 5.  **Special D/C instructions: (Step down procedures: 24hr** |
| | | | **Custody Observation Y/N  & 5 day CM f/u Y/N)** |
| | | | **Other (specify):** |
| | | | ① *Double portion, vegetarian diet* |
| | | | *E. Wensel* |
| | | | |
| | | | |

| ALLERGIES | INSTITUTION SVSP | ROOM/WING |
|---|---|---|

CDC NUMBER, NAME                                        (Last, First, MI)

*Johnson, Christopher*
*E 65821*
*11/30/70*

**Confidential**
**Client information**
See W & I code, Sections 4514 and
5328

**PHYSICIAN'S ORDERS**

CDC 7221 (2/00)

STATE OF CALIFORNIA            OSP 00 35614            DEPARTMENT OF CORRECTIONS and REHABILITATION

EXHIBIT "B"

ᏗᏗ

**FILED**

06 OCT 17 PM 4:00

RICHARD W. WIEKING
CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER JOHNSON,                          No. C 06-2720 WHA (PR)

       Plaintiff,                           **JUDGMENT**

    v.

J. WOODFORD; M. EVANS; D.
TRAVERS; A. HEDGEPETH; E.
MEDINA; S. GOMEZ; J. SELTZER; S.
PLAZA; M. GANDY; G. LEWIS; J.
BABBITT; M. ORTIZ; J. D. BENNETT;
M. COX; W. COLWELL; F. FUENTES;
C. WILSON; F. ORTA; J. GREESON; K.
CLARK; P. SULLIVAN; V. GARCIA;
M. CELSO; STEVENSON; J. KROSSA;
W. HOLLAND; MILLER; ORTEGA; G.
LAUBER; S. HOYT; SOTELO; R.
GILL; DOLAN; O. WINPHREY; DR.
DOWNS; C. D. LEE; NGUYEN; R.
BOWMAN; B. POLLAN; DR. KUMAR;
and DR. MILNER,                              ENTERED IN CIVIL DOCKET ___10/18/06___

       Defendants.
_____/

    The court has dismissed this prisoner in forma pauperis complaint. A judgment of

dismissal with prejudice is entered in favor of defendants. Plaintiff shall take nothing by way of

his complaint.

    **IT IS SO ORDERED.**

Dated: October ___16___, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.06\JOHNSON,C720.JUD

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER JOHNSON,

        Plaintiff,

v.

J. WOODFORD et al,

        Defendant.

_____/

Case Number: CV06-02720 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 17, 2006, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christopher Johnson
#E-65821/ D8-111
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960

Dated: October 17, 2006

Richard W. Wieking, Clerk
By: D. Toland, Deputy Clerk

E-Filing, HABEAS, ProSe

# U.S. District Court
# California Northern District (San Francisco)
# CIVIL DOCKET FOR CASE #: 3:07-cv-05766-WHA
# Internal Use Only

Johnson v. Evans et al                                    Date Filed: 11/14/2007
Assigned to: Hon. William H. Alsup                       Jury Demand: None
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)   Nature of Suit: 530 Habeas Corpus
                                                            (General)
                                                            Jurisdiction: Federal Question

**Plaintiff**

**Christopher Johnson**                    represented by   **Christopher Johnson**
                                                            #E-65821/ D2-129
                                                            Salinas Valley State Prison
                                                            PO Box 1050
                                                            Soledad, CA 93960
                                                            PRO SE

V.

**Defendant**

**Warden Evans**

**Defendant**

**Jerry Brown**

**Defendant**

**C. Rice**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 11/14/2007 | ❶1 | PETITION for Writ of Habeas Corpus (ifpp). Filed byChristopher Johnson. (sis, COURT STAFF) (Filed on 11/14/2007) (Entered: 11/16/2007) |
| 11/14/2007 | ❷2 | MOTION for Leave to Proceed in forma pauperis filed by Christopher Johnson. (sis, COURT STAFF) (Filed on 11/14/2007) (Entered: 11/16/2007) |

| 11/14/2007 | ◑3 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (sis, COURT STAFF) (Filed on 11/14/2007) (Entered: 11/16/2007) |
| 11/14/2007 | ◑ | (Court only) CASE DESIGNATED for Electronic Filing., ***Set/Clear Flags (sis, COURT STAFF) (Filed on 11/14/2007) (Entered: 11/16/2007) |
| 12/05/2007 | ◑4 | MOTION for Leave to Proceed in forma pauperis filed by Christopher Johnson. (sis, COURT STAFF) (Filed on 12/5/2007) (Entered: 12/05/2007) |
| 12/07/2007 | ◑5 | MOTION for Leave to Proceed in forma pauperis filed by Christopher Johnson. (sis, COURT STAFF) (Filed on 12/7/2007) (Entered: 12/11/2007) |
| 12/12/2007 | ◑6 | ORDER by Judge William Alsup denied finding as moot 2 Motion for Leave to Proceed in forma pauperis; granting 4 Motion for Leave to Proceed in forma pauperis. (Attachments: # 1 Certificate of Service) (dt, COURT STAFF) (Filed on 12/12/2007) (Entered: 12/12/2007) |
| 12/13/2007 | ◑7 | MOTION to Appoint Counsel and Declaration of Indigency filed by Christopher Johnson. (sis, COURT STAFF) (Filed on 12/13/2007) (Entered: 12/17/2007) |
| 01/16/2008 | ◑8 | Letter re: prison conditions from Christopher Johnson. (sis, COURT STAFF) (Filed on 1/16/2008) (Entered: 01/18/2008) |
| 01/22/2008 | ◑9 | ORDER EXTENDING TIME TO SHOW CAUSE by Judge William Alsup denying 7 Motion to Appoint Counsel (Attachments: # 1 Certificate of Service) (dt, COURT STAFF) (Filed on 1/22/2008) (Entered: 01/22/2008) |
| 02/05/2008 | ◑10 | Response to 9 Order to Show Cause byChristopher Johnson. (sis, COURT STAFF) (Filed on 2/5/2008) (Entered: 02/05/2008) |

CLOSED, E-Filing, HABEAS, ProSe

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:07-cv-06000-WHA
### Internal Use Only

| | |
|---|---|
| Johnson v. Evans et al | Date Filed: 11/28/2007 |
| Assigned to: Hon. William H. Alsup | Date Terminated: 01/08/2008 |
| Cause: 28:2254 Petition for Writ of Habeas Corpus (State) | Jury Demand: None |
| | Nature of Suit: 530 Habeas Corpus (General) |
| | Jurisdiction: Federal Question |

**Petitioner**

**Christopher Johnson**                 represented by    **Christopher Johnson**
#E-65821/ D2-129
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960
PRO SE

V.

**Respondent**

**Warden Evans**

**Respondent**

**Jerry Brown**

**Respondent**

**C. Rice**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/28/2007 | ◓1 | PETITION for Writ of Habeas Corpus (ifpp). Filed byChristopher Johnson. (sis, COURT STAFF) (Filed on 11/28/2007) (Entered: 11/30/2007) |
| 11/28/2007 | ◓2 | MOTION for Leave to Proceed in forma pauperis filed by Christopher Johnson. (sis, COURT STAFF) (Filed on 11/28/2007) (Entered: 11/30/2007) |

| 11/28/2007 | ●3 | MOTION to Appoint Counsel and Declaration of Indigency filed by Christopher Johnson. (sis, COURT STAFF) (Filed on 11/28/2007) (Entered: 11/30/2007) |
|---|---|---|
| 11/28/2007 | ●4 | CLERK'S NOTICE re completion of In Forma Pauperis affidavit or payment of filing fee due within 30 days. (sis, COURT STAFF) (Filed on 11/28/2007) (Entered: 11/30/2007) |
| 11/28/2007 | ● | (Court only) CASE DESIGNATED for Electronic Filing., ***Set/Clear Flags (sis, COURT STAFF) (Filed on 11/28/2007) (Entered: 11/30/2007) |
| 11/28/2007 | ●5 | EXHIBITS re 1 Petition for Writ of Habeas Corpus filed byChristopher Johnson. (Related document(s) 1 ) (sis, COURT STAFF) (Filed on 11/28/2007) (Entered: 11/30/2007) |
| 01/08/2008 | ●6 | ORDER DISMISSING CASE. Signed by Judge William Alsup on 1/8/08. (Attachments: # 1 Certificate of Service)(dt, COURT STAFF) (Filed on 1/8/2008) (Entered: 01/08/2008) |
| 01/08/2008 | ●7 | JUDGMENT. Signed by Judge William Alsup on 1/8/08. (Attachments: # 1 Certificate of Service)(dt, COURT STAFF) (Filed on 1/8/2008) (Entered: 01/08/2008) |
| 01/15/2008 | ●8 | CLERK'S NOTICE Fee Past Due Notice. (sis, COURT STAFF) (Filed on 1/15/2008) (Entered: 01/18/2008) |
| 02/28/2008 | ●9 | CLERK'S NOTICE Fee Past Due Notice. SECOND NOTICE. (sis, COURT STAFF) (Filed on 2/28/2008) (Entered: 02/28/2008) |
| 03/13/2008 | ➡●10 | MOTION For Expedited Consideration to Appoint Counsel and/or Ruling filed by Christopher Johnson. (sis, COURT STAFF) (Filed on 3/13/2008) (Entered: 03/14/2008) |

California Department of Corrections and Rehabilitation                                                    Salinas Valley State Prison

# *M E M O R A N D U M*



Date:    November 9, 2005

To:    Inmate JOHNSON (E-65821, D8-111L)

Subject:  **INMATE CORRESPONDENCE CONTROL # 6706 RESPONSE**

This memorandum is in response to your letter dated October 17, 2005, mailed to the California Department of Corrections and Rehabilitation Office of Internal Affairs -- Northern Region wherein you allege that Salinas Valley State Prison (SVSP) Facility D Staff have made derogatory comments about you, Unnecessary Use of Force was utilized on you, and you were placed in Administrative Segregation without justification.

Further review into this matter revealed that on October 20, 2005 you were interviewed by Mr. A. Hedgpeth, Associate Warden, Health Care Services, at which time he advised you to utilize the Inmate Appeal Process for this matter. On October 11, 2005, SVSP Appeal Coordinator's Office received the appeal you submitted in this matter and assigned appeal log number SVSP-D-05-03871 to it.

As a result of the aforementioned this matter is being appropriately handled and you just need to wait for completion of the appeal process for your response.

(Copy)
D.A. TRAVERS
Correctional Administrator, Complex II
Salinas Valley State Prison

Salinas Valley State Prison

# *M E M O R A N D U M*



D 8- 111c

Date:    November 17, 2005

To:      Johnson, E-65821
         Salinas Valley State Prison

Subject: **CORRESPONDENCE**

This letter is in response to a letter you authored on 11/3/05 to M.S. Evans
Warden, Salinas Valley State Prison (SVSP). Your letter was forwarded to my
office for response. Your letter states: You have legal property missing, have
been wrongfully pepper sprayed, and are being wrongfully held in Administrative
Segregation.

During an interview with Lieutenant Biaggini, you stated you had nothing to add
to your letter. You stated you had received your legal property on 10/11/05. A
review of your ASU file indicates you are currently housed in ASU for battery on
a Peace Officer. Your records indicate you are appropriately housed, due to
there being a possible SHU term; you will remain in ASU pending adjudication of
the charge.

Should you have questions, please submit a request for interview utilizing the
Chain of Command, or you may file an inmate appeal CDC form 602, along with
a Rights and Responsibility form.

D. Travers
Correctional Administrator, Complex II
Salinas Valley State Prison (SVSP)

State of California, Department of Corrections—Institution: _____  Prior Page Number: _____

CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES:   All Staff, Clinicians, Treatment Teams.

| Date/Time: | Use Name & Title Stamp. |
|---|---|

**6/30/06**
**1430**

(S) IM seen cell front at request of staff. He was initially boarded up, but cleared his windows when psych staff approached his cell. IM voiced multiple complaints, ranging from not being housed in ADA cell, not receiving AM meds 2° ongoing conflict w/ MTA, to "nanotechnology" affecting his physical wellbeing. He was demanding of 1:1 time w/CM, but when it was explained that his primary CM would return tomorrow, he indicated he would be cooperative & "alright" until then.

(O) IM moderately agitated, demanding, entitled. Calmed somewhat during interview, easily redirectable. Thought process linear & goal directed. IM did not endorse A/H, V/H or systematic delusional content, although his concerns about "nanotechnology" needs to be explored further. He denied any impulse, intent or plan to harm self or others. Insight & judgement limited.

(A) Demanding, agitated, but w/clear, linear thought process. No acute decompensation evident.

(P) Spoke w/ custody staff ei: ADA housing to IM in wheelchair during interview. IM is DPO status no special housing required. 2° Spoke w/ medical re: MTA in question. He is not currently assigned to this yard. 3° Referred to primary CM for follow up

C. Zorn, Staff Psychologist

Page # ____

MENTAL HEALTH
INTERDISCIPLINARY PROGRESS NOTES

MH 3 (3/21/96)

Confidential Client/Patient Information
See W & I Code, Section 5328

| LEVEL OF CARE | Last Name: | First Name: | MI: |
|---|---|---|---|
| | Johnson, | Christopher | |
| Inpatient | | | |
| Outpatient | CDC # E-65821   DOB 11/30/70 | | |

RECD JUL 05 2006

**SALINAS VALLEY RADIOLOGISTS, INC.**
A MEDICAL GROUP
559 Abbott Street • Salinas, California 93901
Telephone (831) 775-5200

JAMES A. KOWALSKI, M.D.
DONALD A. CATALANO, M.D.
GILES A. DUESDIEKER, M.D.
MICHAEL E. BASSE, M.D.
DAVID A. STAUNTON, M.D.

D3 - 111

GARY E. FALKOFF, M.D.
RICHARD A. VILLALOBOS, M.D.
CHRIS GLENN, M.D.
B. MISA HOSOHAMA, M.D.
Y-LAN HO, M.D.

PATIENT NAME
CHRISTOPHER-E65821 JOHNSON

ACCOUNT NO
9324563

RADIOLOGY NUMBER
9305000

AT THE REQUEST OF
JAMES JOHN HELMER MD
31625 HIGHWAY 101
SOLEDAD, CA 93960

DATE OF BIRTH
11/30/1970

AGE/SEX
34/M

DATE OF SERVICE
07/20/2005

The study was performed by an outside facility and the film submitted to Salinas Valley
Radiologists for interpretation.

LUMBAR SPINE AP AND LATERAL

FINDINGS: Multiple punctate radiopaque foreign bodies are noted in the left iliac fossa which may
be related to gunshot injury. The L5-S1 disc space partially is partially obscured by these foreign
bodies. There is a large well corticated ossification anterior to the L5-S1 disc space on the lateral
views and may represent dystrophic calcification in the left iliac fossa from the prior trauma.

Lumbar spine demonstrates no gross evidence of acute fracture or malalignment. Facet arthropathy
noted in the lower lumbar spine. Visualized pedicles grossly intact.

Thank you for referring your patient to us,

Navneet Adya, M.D.
Salinas Valley State Prison

Bruce Horng J. Lin, MD
BL/slh
7/25/05

RECD AUG 0 2 2005

39

Matthew Cate / Steve White
Office of the Inspector General
P.O. Box 348780
Sacramento, Ca. 95834

Mr. Cate,

Greetings! My name is Mr. Christopher Johnson a prisoner at Salinas Valley State Prison.

I am having an awful difficult time with the processing of appeals these prison administrators and officials have entered into a Conspiracy to Keep me in The hole (AD SEG), and have continuously failed to file my 602 Lt. Plaza, CCII MEDINA, ELOY, A.W. HEDGEPETH, SGT. SELTZER, LT. BENNETT & OTHERS ARE REFUSING TO FILE 602 CITIZENS COMPLAINTS TO THE SECOND LEVEL. THUS DENYING ME ACCESS TO THE COURT

I am asking if your office can look into (INVESTIGATE) #S.V.S.P-D-05-03871 Enclosed is a copy (INCOMPLETED) by Lt. Plaza making sure people steal my documents out of my legal work, appeals. I'm sure you will be able to see not only is nothing being done by way of INVESTIGATION but they also conspired to deny my access to The Courts. (Including Pill & MAIL THEFT)

Sincerely,
Mr. Christopher Johnson

Return Address:
Mr. C. Johnson
Salinas Valley State Prison
#E65821 - D8-111
P.O. Box 1050
Soledad, Ca. 93960

P.S. Could you please respond as soon as possible?

I was in communication with the attorney in charge of monitoring the Plata case. I have not as of late received a response in regards to This horrible situation That I'm faced with including being placed on Broadband for national exposure of slanderous acts of impropriety.

I did not file an 1824 but I did file 602's regarding the denial of The use of the wheelchair and for the abuse suffered by Excessive Use of Force (2x) and the Sexual Misconduct. I have copies of the 1st level response here to enclosed Will write again when I hear from you.

Sincerely,
Mr. Chris Johnson

1/3/06

Asс. Warden Hedgepeth
P.O. Box 1050
Soledad, Ca. 93960

Dear Hedgepeth
        I am being placed under extreme duress, with regards to "There was no Roxicet" this morning, as I am continually being made to suffer.

        I am resubmitting this "Citizens Complaint" as it was suppose to go to the 1st level and not to the informal level from the beginning. There's a Continual Conspiracy - with my meds - pain medication being stolen. This "AM" if there wasn't enough Roxicet, on the yard then someone should have made up for the dosage "3x's a day" (R.N. GARCIA THE WITNESS)

        The 602 needs to be processed and investigated for it's validity. And THE 602's I'm filing are being "Screened out" for no reason - denying me access to the Courts. Lt. Plaza - is apart of the Continued Conspiracy VIA nano-technology they steal not only my semen but also my pain medication. So - next time you go to Central Operations and view her ask her if would she like someone to test her for narcotics. Infact - let her know - I'm doing everything I can to stop PEOPLE from stealing pain meds from prisoners.

* Note to self: Johnson, Christopher (CHRONIC PAIN MANAGEMENT) Pain meds Stolen Again & Again!

                                        Sincerely,
                                        Mr. Christopher Johnson

Enclosed

P.S. Until here are the appeals H. Plaza keep having the Appeals Coordinator send me. Could you expedite them to him for me? Also, could you Please forward me an Up-to-date Inmate Appeals Tracking Sheet of my appeals the following appeal are overdue.

- D - 05 - 04344
- D - 05 - 03871
- D - 05 - 02807

10/03/04

To: Warden - Evans . S.V.S.P.

From: Mr. Christopher Johnson , E65821, D8-111

COPY

Re: Feel Threatened By Staff and Extensive Unethical Behavior
Commensurate with Incompatible Activity.

REVISED
BUT AS IS

Dear Warden Evans,

    At this time, I would like to make you duly aware
that I have been wrongfully Pepper Sprayed 2x's on numerous occasion
Assaulted by Staff 5 times at your institution. I do feel due
dilligence is necessary with regards to an extensive Investigation.
Log # for overdue and lost appeals as some of these matters
should have been brought to your attention by CDW/AW-Hedgepath.
I had been given 3 Nitro tablets by Dr. Gibbs & other CTC staff.
Place on the internet computer for BroadBand exposure. I am
not receiving adequate medical care here at Salinas Valley and
on 7/14/05 an M.R.I was ordered however no results are forth-
coming. There is a fracture to my back and I am in a wheelchair
in dire need of a surgery. I believe Lt. Plaza & John Babbitt are
using the Central Operations Computer to steal my pain meds of
prescription meds (Roccicet). I also would like make mention that I
am an ADA individuals who has been wrongfully placed in Ad-Seg
after officers falsified their CDC 115 when they "Rodney King" style beat me
Then took my Legal property (Legal Documents) and have not returned
them as of yet. Could you Please Assist me with §3379 Federal Placement
or Release?

        Sincerely,
    Mr. Christopher Johnson

*Copy*

A. W. Hedgepeth
P.O. Box 1050
Soledad, Ca. 93960


Dear Hedgepeth,

I haven't heard a reply from you regarding the previous communication - documentation sent to you. I am bringing to your attention the enclosed appeal log # 05-03871, a Staff Complaint. the reasons are because of a Continual Conspiracy VIA The appeals coor. (E. MEDINA) and Lt. Plaza. As you see That, I forwarded the Enclosed 602 well over a month ago. If you notice the response and this was something the appeals office could have supplied.

I am forwarding it to you so That you can witness the continued Harassment w/ processing of appeals. It is a denial of access to the Courts and a Violation of the Equal Protection and Due Process ; State & Federally, Guaranteed Rights. Could you Please forward This to it's appropriate destination. and send me a due date?

Sincerely,

Mr. Christopher Johnson

Salinas Valley State Prison

# *M E M O R A N D U M*



Date:    May 6, 2008

To:    Johnson, E-65821    D 1 105
       Salinas Valley State Prison

Subject: **CORRESPONDENCE**

This letter is in response to a letter the Wardens office received from you dated April 17, 2008. Your letter states you have been placed on the internet illegally. Your letter also states staff continues to harass you, steal your property, physically abuse you, and run a drug / prostitution ring.

As of the date of this memorandum, Lieutenant Biaggini conducted an inquiry into your request and complaint. The California Department of Corrections and Rehabilitations and its Employees does not place inmates on the Internet. You may contact any internet provider at your own expense and request information regarding your alleged placement on the Internet. You have filed staff complaints on some of the aforementioned issues. These issues will be taken serious and dealt with per institutional procedure. As of this date, there is no validity into the allegations mentioned in your letter to the Warden.

Should you have any further questions please submit a request for interview to my office, or follow the proper procedure by filing a CDC form 602.

B. Rankin
Facility D
Captain

Warden Evans
Admin. Salinas Valley State Prison
P.O. Box 1050
Soledad,    CA. 93960

Dean Warden Evans,
        Greetings! I am Mr. Christopher Johnson and
I'm writing you concerning being on the internet illegally.
I would like to be removed off the internet, as it is
jeapordizing my life, health, limbs and freedom.

        For no apparent reason- I cannot receive my food
packages, appliances, mail, certain legal mails have been
wrongfully stolen! Also- I've been "INHUMANELY MISTREATED"
On 8/7/07, I filed a 602 regarding "STAFF MISCONDUCT"
LOG #07-03725 Against C/o Rodriguez and his brother and I
really need INTERNAL AFFAIRS TO LOOK into This matter because
I've been in the hole 8 MONTHS (ON THE INTERNET) Previously,
beaten by C/o Rodriguez, while inside my wheel chair on the
small excercise yard - while physically Restrained in handcus
and leg restraints I was punched/slapped and beaten for
no apparent reason. Then wrongfully keyhea'd for suggesting
that guards contaminate the food & steal my food packages &
Appliances + mail. Can you assist me with obtaining an INVES-
TIGATION of the Rodriguez brothers on C-FACILITY by INTERNAL
AFFAIRS? Also could you do something about my PROPERTY:
PACKAGES, CANTEEN, APPLIANCES, LEGAL MAIL, & MAIL STOLEN
PLUS REMOVAL FROM THE INTERNET? Thank You Very Much
                                Sincerely,
P.S. They literally rape me  Mr. Christopher Johnson
VIA NANOGEN TECHNOLOGY in Central Cas              Please help!

# *M E M O R A N D U M*



**Date:**     May 9, 2008

**To:**     Inmate Johnson (E-65821, D1-105L)

### Subject: **INMATE CONFIDENTIAL CORRESPONDENCE CONTROL # 8382**

Your correspondence dated April 10, 2008, addressed to Mr. M. S. Evans, Warden
pertaining to wanting to be removed off the Internet and claims of having been assaulted by
Officer Rodriguez has been forwarded to my office for review and a response. All submitted
documentation and supporting arguments have been considered. Additionally, a thorough
examination has been conducted regarding the claim presented, and it has been evaluated
in accordance with Article #43, Salinas Valley State Prison (SVSP) Operational Procedures
(OP); the California Code of Regulations (CCR); and the Departmental Operations Manual
(DOM).

Your allegations that Correctional Officer J. Rodriguez assaulted you was addressed via
Incident Log # SVSP-FC8-07-08-0519 dated 08/06/07 wherein you where charged with
Resisting Staff requiring the use of force. Correctional Lieutenant C. Barroga conducted a
video taped interview during which you refused to participate. A thorough video interview
Report of Findings CDC 3014 was completed and the allegations did not appear to require
further action. Your CDC 602 Inmate Appeal #07-03725 was processed as a Staff
Misconduct complaint and the allegations could not be sustained.

Concerning the issue of the Internet certain factors deserve mentioning; there is neither the
staffing and or the man hours to put the information of convicted felons onto the World
Wide Web (W.W.W.) network. The California Department of Corrections and Rehabilitation
**does not** currently have the technological equipment internally in place to input anybody's
information onto a website that could be accessed via the W.W.W.

Confidential Information will not be released without the proper hiring authority approvals,
and only via the approved process. In the future it would be advisable for you to utilize the
inmate appeal system.

B. Rankin
Facility D Captain
Salinas Valley State Prison

**EDMUND G. BROWN JR.**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

**PUBLIC INQUIRY UNIT**
P.O. BOX 944255
SACRAMENTO, CA 94244-2550
(916) 322-3360
TOLL FREE: (800) 952-5225
TTY: CA Relay Service
(800) 735-2922

July 11, 2008

PIU: 193012

Mr. Christopher Johnson
Salinas Valley State Prison
CDCR #E65821 / D1-105
P.O. Box 1050
Solidad, CA 93960

**RE: Salinas Valley State Prison**

Dear Mr. Johnson:

Thank you for your letter to Attorney General Edmund G. Brown Jr. regarding a complaint concerning Salinas Valley State Prison.

We have reviewed your information and determined that the Office of the Inspector General (OIG) is the state agency in better position to render assistance to you in this matter. If you wish, you may contact the OIG at:

Office of the Inspector General
P.O. Box 348780
Sacramento, CA 95834-8780
Telephone: (916) 830-3600 or (800) 700-5952
Fax: (916) 928-5974
Internet: http://www.oig.ca.gov/

We hope that our effort to help you to identify the correct government office to address your concern will be beneficial to you. Again, thank you for contacting the Office of Attorney General Edmund G. Brown Jr.

Sincerely,

B. Canepa
Public Inquiry Unit

For    EDMUND G. BROWN JR.
Attorney General



EXHIBIT C

State of California                                                   Department of Corrections and Rehabilitation

**INMATE / PAROLEE APPEAL SCREENING FORM**

CDCR-695

INMATE: _Johnson_    CDC #: _E- 65821_    CDC HOUSING: _D8-111_

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Do Not Combine Staff Complaints with Other Issues

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[X] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Request for Interview; Not an Appeal

[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Inappropriate Statements

[ ] Action / Decision Not Taken By CDCR

[ ] DRB Decisions Are Not Appealable

[ ] Appealing Action Not Yet Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Not A Request Form; Use CDCR-7362 – to access Medical
    Services, submit your request on a CDCR-Form 7362.
    If necessary, sign up for sick call.

[ ] Write your appeal in black or blue ink, this is a legal
    document and pencil/inks other than black or blue do
    not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS**
**Comments:   You may write on back of this form to clarify or respond to the above.**

the response from Medical clearly
demonstrates that you are receiving
your prescribed meds.

I find no persuasive evidence
within your appeal to establish
a nexis between Lt Plaza & MTA Lauber.
Nor do you document how the alleged
conspiracy is occurring or how you know
it is occurring. (CONTINUED)———>
                  OTHER SIDE

**Eloy Medina, CC-II**
**Appeals Coordinator**

Date: _12/9/05_

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on
a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please return
this form to the Appeals Coordinator with the necessary information attached.

### PERMANENT APPEAL ATTACHMENT - *DO NOT REMOVE*

There is a nexis and a continual conspiracy! Here I sit in pain again today as it was indicated there is no "Roxicet" on the yard today. By the AM RN, Garcia, and with regards to Lawber he may not be the source of the conspiracy but Lt. Plaza sure is. Maybe, this is why there is such difficulties with the filing of Appeals. I indicated that "Ms" DOLEN (DOLAN) was suppose to return a response to appeal D."05-02984" However— no response was given and it is a continual con-spiracy to coverup the Theft of Roxicet.

Lt. Plaza - is a Drug Addict, a Hermaphadite, and continues to solicit Roxicet & Vicoden theft at this institution. She uses Heroin and Crack on a continual basis. Check her arm or submit her to a random drug test. Go to Central Operations an see her wares for yourself. But don't pretend to act as if it is no conspiracy. I have submitted to the Courts: that nano-technology – and ───── teleportal devices allow people to suck not only semen from my body but to steal the Roxicet right out of my system as a retaliation from exposing This Conspiracy.

Now, as of JAN. 3, 2006, I am attaching this Citizen's Complaint form. Hoping that the appeals office will process my appeals in an expeditious fashion instead of delaying Them. Truly, it is becoming a NUISANCE to have my appeals delayed, and it is further denying me access to the Courts.

DELAYED APPEALS:   D-05-04344,
                   D-05-03871,
                   D-05 02807

*CITIZENS COMPLAINT* TSU @ znel

**STATE OF CALIFORNIA**                                                    **DEPARTMENT OF CORRECTIONS**

**INMATE/PAROLEE**
**APPEAL FORM**
· CDC 602 (12/87)

Location: Institution/Parole Region
1. SVSP — A
2.

Log No.
1. 06-00077
2.

Category
8(7)
ATC int

You may appeal any policy, action or decision which has significant adverse affect upon you. With the exception of Serious 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeal Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. Pain merapuent — meds

RECEIVED NOV 1 6 2005

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MR CHRISTOPHER JOHNSON | E-65821 | N/A | 5D8-114 |

A. Discuss Problem: ON NUMEROUS OCCASIONS, I HAVE HAD TO UNDERGO HAVING MY PAIN MEDS STOLEN VIA COMPUTER THEFT. THE ORDER IS FOR PRESCRIPTION PAIN MED OF ROXI-CET 2 PILLS 3X A DAY. HOWEVER, M.T.A. LAUBER -REFUSES TO HAVE ANYONE CALL CHECK MY CHART OR ANYTHING (INQUIRE). I WAS NOT GIVEN MY MORNING MEDS AS LAUBER REFUSES TO STOP AFTER I CALLED HIS NAME 3X'S. I BELIEVE HE IS IN A CONSPIRA-CY AGAINST ME WITH LT. PLAZA, AND AS SHE CHANGES THE ORDER-HE STEALS THE PILLS FOR HER, AND ONLY GIVE ME 1 PILL 3XS A DAY, THERE HAS BEEN A PATTERN OF ABUSES REGARDING CHRONIC CARE PAIN MANAGEMENT, AT SALINAS VALLEY PRISON. RX#: 639750   EXP. 11/13/05
If you need more space, attach on additional sheet.

A. Action requested: I AM REQUESTING AN INVESTIGATION AS TO WHY M.T.A. LAUBER & LT. PLAZA IS CONSPIRING AGAINST ME TO STEAL MY PAIN MEDS 2) I WOULD LIKE HAVE THIS MATTER BROUGHT TO THE ATTENTION OF THE WARDEN. 3) TO HAVE SEVERE DISCIPLINARY ACTION BROUGHT ON BY THE STATE PERSONNEL BOARD. 3) TO HAVE THIS MATTER PLACED INTO THEIR PERSONNEL FILE, 4) $3,000 = EACH AND APOLOGY
Inmate/Parolee Signature: Mr. Christopher Johnson    Date Submitted: 11/15/05

B. INFORMAL LEVEL Date Received 11/28/05
Staff Response: Denied

See Attached Response    REC'D DEO X 1 2005

RECEIVED MAR 27 2005 APPEAL BRANCH

DELIVERED DEC 06 2005
Staff Signature: N. Mendel SSA, 11/29/05    Date Returned to Inmate:

C. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigators Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.
Dissatisfied: This situation has been occurring over a period of time (3 months). In similar fashion Ms. Dolan was suppose to investigate with regards to a similar issue. I am still in pain and request that the appeal coordinator refer to the action requested.
Signature: Mr. Christopher Johnson    REC'D DEC 0 8 2005    Date Submitted: 12/8/05

Note: Property/Funds appeals must be accompanied by a completed
Board of Control Form BC-1E, Inmate Claim    DELIVERED DEC 20 2005    CDC Appeal Number:
1/6/06 received from Mr. Hedgpeth- notice sent to 1/c    RET'D MAR 14 2006

2/9/05   s/o   response from medical states 1m getting meds. (NOT)
no documentation to establish conspiracy

First Level    ☑ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E.  REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 1/9/06 _____ Due Date 2/21/0x

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                           Returned
Signature: _____ Title: _____ Date to Inmate: _____

F.  If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 c
days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other    REC'D MAR 03 2006

G.  REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☑ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H.  If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt o.
response.

Dissatisfied: Although second level indicated "Partially Granted" Refer back
to action requested #1-3. There was suppose to be an Investigation
my Roxicets are being sucked out of my system VIA NANO TECHNOLOGY AND
I am being "Tortured" continuously (DAY & NITE) by Lt. Plaza, J. BABBin
M. GANDY / O. WINPHREY for These pills. Thorough Investigations by The
Director of Corrections are being requested at this time. I am still
on the internet (NO ONE EVEN INTERVIEWED me.)
Signature: Mr. Christopher Johnson    Date Submitted: 3/22/06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____
☑ See Attached Letter                                         JUN 14 2006
CDC 602 (12/87)                                               Date: _____

✱ Including vailed death Threats withen sent to me by staff.
                                          ✱ (Eloy MEDINA)

State of California                                                California Department of Corrections and Rehabilitation

# A P P E A L  -  I N F O R M A L  L E V E L  R E V I E W
## S A L I N A S  V A L L E Y  S T A T E  P R I S O N

**DATE:** November 29, 2005

**NAME:** Inmate JOHNSON          **CDC #:** E-65821

**APPEAL DECISION: DENIED**

**SUMMARY OF APPEAL:**

Inmate Johnson states in his appeal that his pain medication has been stolen via computer theft. Inmate Johnson states the order for pain medication is for Roxicet 2 pills 3 times a day, but MTA Lauber refuses to have anyone call or check his chart. Inmate Johnson states that MTA Lauber and Lieutenant Plaza are conspiring against him to steal his medication. Inmate Johnson states Lieutenant Plaza changes the order and MTA Lauber steals his medication and only gives him 1 pill 3 times a day.

Inmate Johnson is requesting an investigation as to why MTA Lauber and Lieutenant Plaza are conspiring against him to steal his pain medication; would like the matter brought to the attention of the warden; have severe disciplinary action by the State Personnel Board; have this matter placed into their Personnel file.

**SUMMARY OF INVESTIGATION:**

A review of Inmate Johnson's Unit Health Record and Medication Administration Record was conducted. On 11/1/05, Inmate Johnson was seen by Dr. Nguyen, who wrote a prescription for Roxicet 1 pill 3 times a day. On 11/7/05, Dr. Nguyen changed the prescription to Roxicet 2 pills 3 times a day.

**APPEAL RESPONSE:**

Inmate Johnson's request that an investigation as to why MTA Lauber and Lieutenant Plaza are conspiring against him to steal his pain medication is denied. A review was conducted. Inmate Johnson's pain medication was being issued to Inmate Johnson as prescribed, which was for Roxicet 1 pill 3 times a day, until the order was changed to Roxicet 2 pills 3 times a day. Inmate Johnson's request that severe disciplinary action by the State Personnel Board and have this matter placed into their Personnel file is without merit and denied. Based on this information, this appeal is denied.

N. MENDEZ
Staff Services Analyst
Salinas Valley State Prison

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR**
**ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| SVOP A DS | 04342 | 18. ADA |

DPP Code is DPO                    CTC 181

**NOTE:** THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act. Medical Appliance – need

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| JESSE JOHNSON | D67790 | N/A | N/A | A-5-129 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

### MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:
I'm Obese, I stop breathing in my sleep

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?
Medical Records, And I have a C-PAC

RECEIVED HEALTH CARE APPEALS BRANCH MAR 27 2006

DESCRIBE THE PROBLEM: I need A wheel chair And A Vest of A crane that says I don't have to lay down when there is a alarm because I have A hard time getting back up, I can't get back up without help.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED? I need A wheel chair And A crane or A Mobility Vest, And cell fed until I get a wheel chair

_Jesse Johnson_
INMATE/PAROLEE'S SIGNATURE

REC'D NOV 18 2005

11/8/05
DATE SIGNED

REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
CDC 1824 (1/95)

### REVIEWER'S ACTION

DATE ASSIGNED TO REVIEWER: 11/18/05

DATE DUE: 12/13/05

**TYPE OF ADA ISSUE**

☒ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification) (*Cell Feeding*
    ☒ Auxiliary Aid or Device Requested *Wheelchair and Mobility Chrono*
    ☒ Other *No Prone Out Chrono*.

☐ PHYSICAL ACCESS (requiring structural modification)

**DISCUSSION OF FINDINGS:**

*obesity causes medical + mobility problems
but it is not reason to issue a
wheelchair nor is it a reason to
cell fed you. It is also not a
reason to provide you with a chrono
or mobility vest that exempts you
from the prone out requirement.*

__December 23, 2005__
DATE INMATE/PAROLEE WAS INTERVIEWED

__C.T____ AGPA__
PERSON WHO CONDUCTED INTERVIEW

**DISPOSITION**

☐ GRANTED   ☒ DENIED   ☐ PARTIALLY GRANTED

**BASIS OF DECISION:**

**NOTE:** *If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.*

| DISPOSITION RENDERED BY: (NAME) | TITLE | INSTITUTION/FACILITY |
|---|---|---|
| C.T. Giles | AGPA | SVSP |

### APPROVAL

ASSOCIATE WARDEN'S SIGNATURE
Robert Bowman
DATE SIGNED 12/7/05

DATE RETURNED TO INMATE/PAROLEE

Director of Corrections
P.O. Box 942883
Sacramento, Ca. 94283-0001
Attn: Chief, Inmate Appeals.

Dear Sir,

    This is getting ridiculous - I have forwarded appeals to your office and to this institution and I am still awaiting a response. (over 1 mos)

    The appeals that I am referring to are appeals log # 05-02807, #D-05-03871 (E. MEDINA) TRAVERS, # 05-02809 (YOUR OFFICE) NO RESPONSE. Enclosed is appeal log# 06-00077.

    I would highly appreciate it if you can forward me a response after formal/thorough investigations.

Sincerely,

Mr. Christopher Johnson

* Enclosed is: #05-03871 They keep throwing the appeals away to circumvent access to the Court.

Director of Corrections
P.O. Box 942883
Sacramento, Ca. 94283-0001
Attm: Chief, Inmate Appeals.

Dear Sir,

This is getting ridiculous - I have forwarded appeals to your office and to this institution and I am still awaiting a response. (over 1 mos)

The appeals that I am referring to are appeals log # 05-02807, #D-05-03871 (E.MEDINA) TRAVERS, # 05-02809 (YOUR OFFICE) NO RESPONSE. Enclosed is appeal log # 06-00077.

I would highly appreciate it if you can forward me a response after formal/thorough investigations.

Sincerelly,
Mr. Christopher
Johnson

* Enclosed is: # 05-03871 They keep throwing the appeals away to circumvent access to the court.

# SUPPLEMENT PAGE

**RE:**   Salinas Valley State Prison
Second Level Reviewer's Response
Appeal Log # SVSP-D-06-00077

Date:    Tuesday, February 21, 2006

Inmate:  JOHNSON E65821

**APPEAL ISSUE:**   STAFF COMPLAINT

**APPEAL DECISION:   PARTIALLY GRANTED**

**APPEAL REPONSE:**   The appellant has filed a Staff Complaint against MTA LAUBER AND LT PLAZA alleging staff misconduct.  The Informal Level Response and the First Level Response have been waived in accordance with the Departmental Operations Manual (DOM) Section 31140 and Administrative Bulletin # 98/10.

The appellant's allegations of misconduct have been referred for investigation.  The appellant will be advised of the findings of the investigation upon completion.  However, be advised, inmates do not dictate staff disciplinary action.  In the event that employee misconduct is detected, appropriate corrective or adverse action will be initiated or recommended by administration.  However, any personnel action taken shall remain confidential and will not be disclosed to inmates, other employees, or the general public.

For the reasons cited, your action requested is being **PARTIALLY GRANTED** at the Second Level of Review.

G. Noll
Chief Deputy Warden (A)
Salinas Valley State Prison

RET'D MAR 1 4 2006

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME (SAME AS BELOW) | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| INMATE/PAROLEE PRINTED NAME MR CHRISTOPHER JOHNSON | INMATE/PAROLEE'S SIGNATURE Ch Christopher Johnson | CDC NUMBER E65821 | DATE SIGNED 1/3/06 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant



# SALINAS VALLEY STATE PRISON

# *A. HEDGPETH*
## *CORRECTIONAL ADMINISTRATOR , HEALTH CARE*

DATE: 1/6/06

| | |
|---|---|
| ☐ WARDEN | ☒ APPEALS |
| ☐ CHIEF DEPUTY WARDEN | ☐ ERO |
| ☐ CA, BUSINESS SERVICES | ☐ RECORDS |
| ☐ CA, COMPLEX I | ☐ USE OF FORCE COORDINATOR |
| ☐ CA, OPERATIONS | ☐ FACILITY A CAPTAIN |
| ☐ CA, COMPLEX II | ☐ FACILITY B CAPTAIN |
| ☐ ADMINISTRATIVE ASSISTANT | ☐ FACILITY C CAPTAIN |
| | ☐ FACILITY D CAPTAIN |
| | ☐ CUSTODY CAPTAIN CENTRAL OPS |
| | ☐ CAPTAIN - HEALTH CARE |

☐ OTHER _____

===========================================================

☐ PLEASE HANDLE
☐ FOR YOUR INFORMATION
☐ FOR YOUR REVIEW AND SIGNATURE
☐ AFTER YOUR REVIEW, PLEASE FORWARD TO _____

DUE DATE:_____

Comments: There is currently a request for investigation on this. It should be in ISU. The investigation is centered around the meds. Not staff. [signature] RN

1/3/05

Asoc. Warden Hedgepeth
P.O. Box 1050
Soledad, Ca. 93960

Dear Hedgepeth,

I am being placed under extreme duress, with regards to "There was no Roxicet" this morning, as I am continually being made to suffer. (Back, Hip & Knee)

I am resubmitting this "Citizen Complaint" as it was suppose to go to the 1st level and not to the informal level from the begining. There's a Continual Conspiracy with my meds - pain medication - being stolen. This "AM" if there wasn't enough Roxicet on the yard then someone should have made up for the dosage "3 x's a day" (R.N. GARCIA THE WITNESS)

This 602 needs to be processed and investigated for its Validity. And the 602's I'm filing are being "Screen out" for no reason - denying me access to the courts. Lt. Plaza - is apart of the Continued Conspiracy VIA nanotechnology they steal not only my semen but also my pain medicine. So - next time you goto Central operations - and View her ask her would she like someone to test her for narcotics. In fact - let her know I'm doing everything I can to Stop people from stealing Pain meds from Prisoness.

* Note to self. JOHNSON, CHRISTOPHER (CHRONIC CARE PAIN MANAGEMENT) Pain meds stolen again & again!

Sincerely, Continue

STATE OF CALIFORNIA

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

PER PC 832.5
Location: Institution/Parole Region

DEPARTMENT OF CORRECTIONS

Log No.                Category

1. _____    1. _____
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MR.CHRISTOPHER JOHNSON | E65821 | N/A | C8·121 |

A. Describe Problem: ON MONDAY AUG. 6, 2007, I WAS TAKEN TO A HOLDING CELL BY C/O RODRIGUEZ, DURING THAT TIME HE TOLD ME HE DON'T LIKE "NIGGERS", WHEN I GOT TO THE HOLDING CELL HE SLAMMED ME UP AGAINST THE BACK WALL ABOUT 2 TO 3 TIMES. I WAS ONLY IN A HOLDING CELL FOR ABOUT 15-20 MINUTES. DURING THE ESCORT BACK C/O RODRUIGUEZ ENTERED INTO THUMPING MY EAR LOBE SAYING THAT IT LOOKS LIKE A "DICK". HE THEN ONCE INSIDE THE BUILD- SAID HE DOESN'T LIKE "NIG..." (TWICE) PROCEEDED TO TAKE ME

If you need more space, attach one additional sheet.                    (CONTINUED)

B. Action Requested: A) ADVERSE DISCIPLINARY ACTION TAKEN BY THE WARDEN, INTERNAL AFFAIRS REVIEW    B) AN INVESTIGATION BY THE F.B.I. TO REVIEW THE ACTIONS OF STATE EMPLOYEES    C) BOARD OF PRISON TERM COMMUTATION REVIEW

Inmate/Parolee Signature: Mr. Christopher Johnson    Date Submitted: AUG. 13, 2007

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                    CDC Appeal Number:

TO AN EMPTY EXCERCISE YARD AND PROCEEDED TO USE UNNECESSARY FORCE UPON ME WHEN I HAD BEEN PREVIOUSLY PLACED IN MECHANICAL HAND AND LEG RESTRAINTS, WHILE SITTING IN A WHEEL CHAIR. WITH MY BACIC TURN TO HIM, HE FIRST BEGAN TO SLAPI THE BACK OF MY HEAD WITH HIS OPEN HAND. THEN STARTED CALLING ME NAMES AND PUNCHING ME IN THE BACK OF THE HEAD ASSAULT-TIMG ME. THEN IN THE STOMACH AND MORE BLOWS TO THE BACK OF THE HEAD. THEN WHILE PLACING ME INSIDE THE CELL HE TWISTED AND BEAT MY HANDS CAUSEING MY WRIST TO SWELL UP, WHILE REMOVING THE HANDCUFFS.

HONESTLY, ALL THIS HAPPEN IN RETALIATION FOR OFFICER J. RODRIGUEZ AND D. GARCIA WHO WERE HARASSING ME WITH BOGUS 115's FOR ASKING THEM NOT TO SPIT AND PUT SNOT IN THE MORNING AND EVENING MEALS (FOOD CONTAMINATION).

OVERALL FROM THE INCOMPATIBLE ACTIVITIES AND UNPROFESSIONAL CONDUCT OF THESE INDIVIDUALS THEY POSE A THREAT TO THE INSTITUTION PRISONER POPULATION AS THEY ARE ACTING LIKE A GANG INSTEAD OF CORRECTIONAL OFFICERS, WHICH REQUIRES A FEDERAL REVIEW FROM SACRAMENTO OF THE VIDEO TAPE ON THE EXCERCISE YARD TO HELP PROVE THE CONSPIRACY.



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    **FEB 0 1 2007**

In re:    Johnson, E-65821
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0606268          Local Log No.: SVSP 06-02521

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. G. Arceo, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that he has been deprived of his due process rights to program privileges afforded to the general inmate population. He contends that he is in a wheelchair and not assigned to an Americans with Disabilities Act (ADA) cell; and is being illegally confined to quarters. The appellant requests access to program privileges or rights afforded other inmates; and to refrain from placing him in handcuffs when out of his cell.

**II    SECOND LEVEL'S DECISION:**    The reviewer found that departmental rules require that institutional security and the safety of persons shall take precedence over all other considerations. Facility programs and services may be temporarily suspended or modified due to institutional security needs, but will be reviewed as needed. Those services or programs will be reinstated at the appropriate time and review. A comprehensive assessment of the incident must be made before returning the institution to normal programming to reduce the potential for further violence or additional disturbance. Procedures such as the interview process and incremental releases as well as other tools have been implemented to assist managers in maintaining the safety of staff, inmates, and public safety. Due to the continuing acts of violence committed or attempted to be committed by the inmates on Facility "C", the administration has been unable to return the entire facility to normal program at this time.

A review process is currently being used to determine which inmates can program with a high probability of nonviolence. Those inmates who have been deemed able to program will be released with a succession of reviews continuing with the remaining inmates. Those inmates who are designated as either Level III or meeting 270 design criteria have been released based on the above interview process. Some inmates who have been designated as meeting 180 design criteria have also been released. The appellant will also be reviewed as to his probability to program and will be released accordingly.

Further, inmates are currently being released to normal program based upon review of their central file. Those inmates who have been deemed most likely to program will be released first. The appellant is not a DPW inmate and does not require placement in an ADA cell.

**III    DIRECTOR'S LEVEL DECISION:**    Appeal is denied.

**A.    FINDINGS:**    It is standard practice in the Department to place a facility on modified program after major disturbances. It is also appropriate for staff to question the inmate population to ascertain the current safety of staff and other inmates on the facility. Pursuant to departmental regulations, institutional security takes precedence over all other program operations. Individual wardens are required to establish operating procedures to ensure the safety and security of the institution, staff, and inmates.

However, the appellant has failed to supply sufficient evidence that he has been unfairly punished; is being denied program privileges or rights afforded other inmates covered under the modified program; or that staff have violated departmental regulations.

JOHNSON, E-65821
CASE NO. 0606268
PAGE 2

If administrative custody staff are unable to properly ascertain the threat status an individual inmate possess to staff and other inmates, the inmate must remain on a modified program status. These practices is consistent with departmental regulations and the incremental lock and unlock process outlined in the CDCR Operations Manual.

The appeal has been thoroughly reviewed by the appeals examiner. In this case, the appellant has failed to support his claims that the administrative staff at Salinas Valley State Prison (SVSP) has violated established departmental rules and regulations. Staff are properly reviewing the inmate's suitability for returning to normal programming due to an unusual security threat on the facility. Classification committees, thorough file reviews, unit and cell searches, and significant staff involvement are all critical components to positively program a facility in a safe and secure manner.

Administration staff at SVSP are unwilling to risk returning inmates to normal programming with other inmates without any information regarding their individual security threat level. Relief at the Director's Level of Review is unwarranted.

**B.  BASIS FOR THE DECISION:**
Armstrong v. Davis Court Ordered Remedial Plan: ARPI
California Penal Code Section: 2079, 2601
California Code of Regulations, Title 15, Section: 3044, 3270, 3300, 3301, 3383

**C.  ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

Location: Institution/Parole Region    Log No.    Category

1. 2450 C    1. 06-02521    11/ 2nd

2.    2.    CATT-E# 2457

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.    modified program

NAME  MR. CHRISTOPHER JOHNSON    NUMBER E65821    ASSIGNMENT  N/A    UNIT/ROOM NUMBER  C8-101

A. Describe Problem:  I AM BEING ARBITRARILY BEING DISCRIMINATED AGAINST BY WAY OF DENIAL OF ACCESS TO YARD, CANTEEN, & OTHER PROGRAMS/SERVICES AFFORDED TO GENERAL POPULATION INMATES. THEREFORE, I AM ILLEGALLY CONFINED TO QUARTERS WITHOUT DISCIPLINARY IN A WHEELCHAIR IN A NON ADA CELL. THIS IS IN DIRECT VIOLATION OF THE EQUAL PROTECTION CLAUSE AND IT IS UNFAIR & PARTIAL THAT I'M MADE TO WHERE

If you need more space, attach one additional sheet.  RESTRAINTS EVERYWHERE I GO.

B. Action Requested:  1) TO HAVE ACCESS TO YARD, CANTEEN, OR ANY OTHER RIGHTS AND PRIVILEDGES AFFORDED. OTHER INMATES. 2) NOT TO BE PLACED IN MECHANICAL RESTRAINTS EVERY-WHERE THAT I GO.

REC'D AUG 0 3 2006

Inmate/Parolee Signature:  Mr Christopher Johnson    Date Submitted:  8/2/06

RECD AUG 11 2006

C. INFORMAL LEVEL (Date Received: _____ )    1820

Staff Response:  Denied. Facility C is currently on a modified program. Your Central File has been reviewed by Facility C Counselors AND Do to its contents you've been rated as High. You will be incrementally released to Yard with other inmates of the same rating with those of lower ratings being _____ you will be seen by UCC for Appropriate housing needs.

RETD AUG 1 6 2006

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Dissatisfied: I am not being afforded the same rights as the other inmates. This is discrimination to be DENIED YARD CANTEEN, PHONE, RELIGIOUS SERVICES, VISITS, MAIL & OTHER Programs afforded to other inmates is illegal!

Signature:  Mr. Christopher Johnson    Date Submitted:  8/16/06

RECD AUG 1 7 2006

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

mm

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

BYPASS

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                         Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

BYPASS

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other    DELIVERED OCT 26 2006

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 8/21/06    Due Date: 9/29/06

☒ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

*Dissatisfied* NOT ONLY WAS I GIVEN A "FALSE CHARGE" of "ASSAULT & BATTERY" But now I have remained on MODIFIED STATUS for over 6 to 8 months with no Justification as to why. Please refere to the action I requested.

Signature: Mr. Christopher Johnson    Date Submitted: 11/1/06

For the Director's Review, submit all documents to: Director of Corrections
                                                    P.O. Box 942883
                                                    Sacramento, CA 94283-0001
                                                    Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☐ See Attached Letter
                                                    Date: FEB 0 1 2007

CDC 602 (12/87)



State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date: September 24, 2006

To:   Inmate Johnson, E65821
      Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-C-06-02521

## ISSUE:

Appellant states that he is being arbitrarily discriminated against by way of denial of access to yard, canteen, and other programs and services afforded to general population Inmates. Therefore confined to quarters without disciplinary. The appellant also claims that he is in a wheelchair in a Non/ADA cell, and is made to wear restraints everywhere he goes.

The appellant is requesting that he have access to yard, canteen, or any other rights and privileges afforded other inmates. The appellant is also requesting to not be placed in mechanical restraints everywhere he goes.

**REGULATIONS**: The rules governing this issue are:

                    PC 5054 Control of penal institutions and inmates
                    CCR 3005 (b) Conduct
                    DOM 55015 Unlock Protocol Guidelines CONFIDENTIAL

## SUMMARY OF INVESTIGATION:

The First Level of Review was bypassed per CCR 3084.5(b). J. Celaya, Correctional Lieutenant, was assigned to investigate this appeal at the Second Level of Review. The appellant was interviewed by C Facility staff concerning this appeal.

All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented by the appellant and evaluated in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM).

In accordance with the California Penal Code §5054 Control of penal institutions and inmates; the supervision, management and control of the state prisons is vested with the Director. Through the Policies and Regulation Branch, the Director for the California Department of Corrections and Rehabilitation has established the unlock protocol process as a meaningful and necessary means of assessing incidents of this magnitude. Those departmental regulations are outlined in Confidential Department Operations Manual (DOM) §55015 Unlock Protocol Guidelines.

DOM §55015 is confidential, therefore I cannot discuss with the appellant the specifics of the regulation. But the intent of the protocols is to ensure the safety and security of the institution.

Procedures such as the interview process and incremental releases as well as other tools are policies put in place to assist the managers in maintaining, to the best of our ability, all of our safety.

Since that date, as information has been received, management has acted in a responsible fashion to attempt to return Facility C to normal program. However, information through interviews, family members, mail, and anonymous notes, and violent acts (committed and attempted) that have occurred on Facility C since the original incident have precluded the management from being allowed to safely return the entire facility to normal program.

Additionally, we have initiated an anger management educational component of the unlock process and will be implementing elements additional measures to ensure the safest environment for all staff and inmates.

A review process is currently being utilized to determine which inmates can program with a high probability of non-violence. Those inmates who have been deemed able to program will be released with a secession of reviews continuing with the remaining inmates. Those inmates who are designated as either level III or 270 designed have been released based on the above review process.    Inmates who have been designated as 180 designed have also been released.    The appellant will also be reviewed as to his probability to program and will be released accordingly

In conclusion, it is management's responsibility to create and maintain as safe an environment for the staff and inmates as humanly possible. My managers and I take this responsibility very seriously. Safety is our number one priority above all else.

**DECISION**:   The appeal is Denied. The appellant is not a DPW Inmate and therefore has not been designated to be in an ADA cell. (See attached DPP Listing The appellant is currently on a modified program and is required to be in restraints when he is moved between locations. See attached Plan of Ops.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

A. HEDGPETH
Chief Deputy Warden
Salinas Valley State Prison

ST. TE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

| INSTITUTION | EFFECTIVE DATE OF PLAN | PRECIPITATING INCIDENT LOG NUMBER |
|---|---|---|
| SALINAS VALLEY STATE PRISON | 8/14/06 | SVP-FC2-06-08-0482 |

| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM | ☐ LOCKDOWN | ☐ STATE OF EMERGENCY |
|---|---|---|---|

|  | ☐ INITIAL | ☒ UPDATE | ☐ CLOSURE |
|---|---|---|---|

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION | ☐ ALL | ☒ BATTERY |
| ☒ FACILITY: C | ☒ BLACK | ☐ DEATH |
| ☐ HOUSING UNIT: | ☒ WHITE | ☒ RIOT / DISTURBANCE |
| ☐ VOCATION: | ☒ HISPANIC | ☐ GROUPING |
| ☐ EDUCATION: | ☒ OTHER  Gym inmates | ☒ OTHER: Weapons |
| ☒ OTHER: Gym | ☐ | |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☒ NORMAL Captains approved for program list | ☐ CRITICAL WORKERS ONLY | ☐ NORMAL |
| ☐ ESCORT ALL MOVEMENT IN RESTRAINTS | ☒ CULINARY | ☒ NO DAYROOM ACTIVITIES |
| ☒ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☒ CLERKS | ☐ MODIFIED: |
| ☐ CONTROLLED MOVEMENT | ☐ VOCATION/EDUCATION | |
| ☒ OTHER: Modified program inmates:    Separately. Bulldogs escorted separately. Metal detector  prior to escort | ☒ CANTEEN | **RECREATION** |
| | ☒ CLOTHING ROOM | ☒ NORMAL Captains approved for program list |
| **FEEDING** | ☐ RESTRICTED WORK PROGRAM | ☒ NO RECREATIONAL ACTIVITIES |
| ☐ NORMAL | ☒ PORTERS approved for release | ☒ MODIFIED: |
| ☒ CELL FEEDING | ☐ INMATE WORKERS | |
| ☐ CONTROLLED FEEDING IN DINING ROOM | **SHOWERS** | **CANTEEN** |
| ☐ HOUSING UNIT/DORM AT A TIME | ☒ NORMAL inmates released for program | ☒ NORMAL  Captains approved for program list |
| ☐ DORM POD AT A TIME | ☒ ESCORTED | ☐ NO CANTEEN |
| ☐ TIER AT A TIME | ☒ ONE INMATE  PER SHOWER HEAD | ☒ MODIFIED: Hygiene draw only $35.00 max |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ CELL PARTNERS  TOGETHER | for all modified program inmates |
| ☒ SACK MEAL BREAKFAST | ☐ DORM SHOWERING BY GROUP | **PACKAGES** |
| ☒ SACK MEAL LUNCH | ☐ CRITICAL WORKERS ONLY | ☒ NORMAL |
| ☒ SACK MEAL DINNER | ☐ NO SHOWERS | ☐ NO PACKAGES: |
| **DUCATS** | **MEDICAL** | ☐ MODIFIED: |
| ☐ ALL DUCATS HONORED | ☐ NORMAL MEDICAL PROGRAM | |
| ☐ MEDICAL DUCATS ONLY | ☒ PRIORITY DUCATS ONLY | **PHONE CALLS** |
| ☐ CLASSIFICATION DUCATS | ☒ MTA CONDUCT ROUNDS IN UNITS | ☒ NORMAL Captains approved for program list |
| ☒ PRIORITY DUCATS ONLY | ☒ INMATES ESCORTED TO SICK CALL | ☒ NO PHONE CALLS 1/Ms on modified program |
| **VISITING** | ☐ EMERGENCY MEDICAL ONLY | ☒ MODIFIED: |
| ☒ NORMAL VISITING | ☒ OTHER: Northern/White/Bulldog on Rotation Daily | |
| ☒ NON-CONTACT ONLY  inmates t hat refused/failed the interview process identifying themselves as unknown as potential threat(s) to the institution, staff or inmates. | | **RELIGIOUS SERVICES** |
| ☐ NO VISITING | **LEGAL LIBRARY** | ☒ NORMAL Captains approved for program list |
| ☒ OTHER: All inmates on modified program in | ☐ NORMAL | ☐ NO RELIGIOUS SERVICES |
| Restraints to and from visiting. | ☒ APPROVED COURT DEADLINES:  PLU progressing to GLU | ☒ MODIFIED: In Cell  Worship |

**REMARKS:** The administrative review Of SVP_FC2-06-08-0482 is complete. The White and Southern Hispanic population will return to the program in place prior to 8-4-06. The Gym will also return to normal program.  Incremental releases will continue at Captain's discretion. Bulldog inmates will remain on modified program pending further administrative review. All inmates on modified program will remain in restraints during escorts. Unclothed bo dy searches and metal detectors will be used prior to escort of all inmates. Workers will be per Captain's approval.

| PREPARED BY: | DATE | NAME / SIGNATURE (WARDEN) | DATE: |
|---|---|---|---|
| G. PONDER, FACILITY CAPTAIN | 8/14/06 | M. S. EVANS,  WARDEN | 8/14/06 |



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **FEB 0 7** 2007

In re: Johnson, E-65821
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0606263        Local Log No.: SVSP 06-02043

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Burleson. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that he has submitted numerous requests to obtain Priority Legal User (PLU) library access to no avail. The appellant contends that he has verification of legal deadlines but has only received one library visit. The appellant requests to be ducated at least once per week for legal law library access; to be allowed access to research, photocopy and maintain his cases; and not be denied access to the court.

**II    SECOND LEVEL'S DECISION:** The informal reviewer found that the librarian had documentation from the appellant that verified a 30-day or less court deadline. The letter submitted to justify a legal deadline consisted of a request for a Certificate of Funds from Inmate Trusts and required no library research. Therefore, there was no basis to grant PLU status to the appellant. The appellant was reminded that to qualify for PLU status, he must have a 30-day or less court deadline and be representing himself. When PLU is awarded, a two-hour block of library access time will be granted each week, unless movement is restricted for safety and security reasons. The appellant was granted PLU from July 25 through August 5, 2006. It was noted that during June and early July, only paging access was available to General Library User (GLU) due to staff shortages and recurring lockdowns. The appellant received photocopying and paging services by library staff. The records reflect that he was ducated for law library on July 26 (conflicting appointment at the Correctional Treatment Center), August 1 and 9, 2006, August 23 (not included on the Custody incremental release list), September 13 and October 5, 2006. During the time period of the instant appeal, the appellant frequently requested and received paging services. Additional library staff have been hired and physical access schedules are being revised to provide increased physical access for both GLU and PLU inmates.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** The appellant has not provided a compelling argument that he was denied access to the law library resulting in a missed court deadline. The librarian appropriately reviewed information submitted by the appellant and made the determination that a grant of PLU status was not supported at that time. The institution thoroughly responded to the appellant's contention that he has not been provided adequate access. In meeting court deadlines, it is incumbent upon the individual whom is filing to plan ahead, being mindful of potential setbacks, so as to not leave themselves short of time. The Director's Level of Review found no violation of departmental rules, regulations or policies.

**B.    BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3122, 3160
CDC Operations Manual Section: 14010.19, 53060.10

**C.    ORDER:** No changes or modifications are required by the institution.

JOHNSON, E-65821
CASE NO. 0606263
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

EDUCATION

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location/Institution/Parole Region: 5V5P/C   Log No.: C6-02043   Category: 10   CA1- 2ND

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

hours : Access                                    Works   P/U

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| MR. CHRISTOPHER JOHNSON   E65821 | N/A | C8-101 | D8-111 |

A. Describe Problem: I HAVE SUBMITTED NUMEROUS REQUEST TO OBTAIN LAW LIBRARY ACCESS - P.L.U ACCESS /STATUS. I HAVE MAILED IN COPIES OF MY VARIFICATION OF LEGAL DEADLINE AND ONLY OBTAIN 1 LIBRARY VISIT. CASE#C-06-2720 IS PENDING IN FEDERAL COURT; CASE# HC-05257 IS OVERDUE PENDING IN MONTEREY Co, SUPERIOR CT. I ALSO, NEED TO FILE HABEAS CORPUS MATTERS IN THE SUPREME CT. AND FEDERAL HABEAS CORPUS MATTERS REGARDING CONSTITUTIONAL ISSUES THAT NEED TO BE HEARD AND RESOLVED - WHICH AUTOMATICALLY GIVES ME

If you need more space, attach one additional sheet.   PLU - STATUS   REC'D JUN 12 2006

B. Action Requested: 1) TO BE DUCATED ATLEAST (1) ONCE PER WEEK FOR LEGAL LAW LIBRARY ACCESS - PLU 2) TO BE ALLOWED ACCESS TO RESEARCH, PHOTO COPY & MAINTAIN THE ABOVE MENTIONED CASES. 3) TO NOT BE DENIED ACCESS TO THE COURT.

Inmate/Parolee Signature: Mr. Christopher Johnson   Date Submitted: 6/9/06

C. INFORMAL LEVEL (Date Received: 6/20/06 )

RECEIVED JUN 22 2006

Staff Response: Partially Granted. Ad Seg PLU log was checked to verify status claimed by Johnson, D8-711 E65821. Records checked back to Jan 2006. Inmate has not been PLU. However, if he is currently having a 30 day court deadline & is representing himself per OP 21, 21.9.10, PLU status will be granted. LTA McDonald has not rec'd any court documents for verification. Please forward for PLU status.

Staff Signature: S. McDonald, LTA   DELIVERED JUN 2 2006   Date Returned to Inmate: 6/20/06

D. FORMAL LEVEL
REC'D JUL 06 2006

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

DISSATISFIED: I OBTAINED 1 VISIT TO THE LIBRARY AND I'VE PREVIOUSLY FOWARDED THE DOCUMENTATON TO MS McDONALD, WHICH SHE FOWARDED THEM BACK. I WAS SUPPOSED TO BE RESCHEDULE THIS WEEK UNDER P.L.U. I BELIEVE THAT REPRISALS FOR THE "CIVIL SUIT" IS THE REASON THAT I'M BEING DENIED LAW LIBRARY

Signature: Mr. C. Johnson   Date Submitted: 7/5/06

Note: Property/Funds appeals must be accompanied by a completed   CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

PER 3122(a) WITH 2 cases pending and verification access should
be granted. (CONTINUED)

7834

nm

First Level   ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other ___ 7/10/06   Due Date: 8/17/06

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 7/10/06   Due Date: 8/17/06

Interviewed by: _____ See attached

Staff Signature: _____   Title: Supervisor Academic Instr. (4)   Date Completed: 8/9/06

Division Head Approved:
Signature: _____   Title: Principal   Date to Inmate: 8/9/06

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to the Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

RECD SEP 1 2006
DELIVERED AUG 3 1 2006

Dissatisfied: I really NEED to work on the Afore mentioned cases as well as my Federal Habeas Corpus. I am unable to obtain law library access. On the 31st the Attorney General responded, Then I had 21 days to respond. Why I am being denied access? Refer to Action requesting

Signature: Mr. Christopher Johnson   Date Submitted: 8/31/06

Second Level   ☐ Granted   ☒ P. Granted   ☐ Denied   ☐ Other

RECD OCT 1 2 2006

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 9/7/06   Due Date: 10/2/06

☒ See Attached Letter

Signature: C Noll   Date Completed: DELIVERED OCT 2 3 2006

Warden/Superintendent Signature: _____   Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Dissatisfied: Only (1 x) Once have they ever call me for Law library and I wasn't present and that was Yesterday HALLOWEEN. There are pertinent Legal matters that I would like to litigate Civil & Criminal and I donot feel that I am given enough time to complete, research or investigate my legal claims.

Signature: Mr. Christopher Johnson   Date Submitted: 11/1/06

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____
☒ See Attached Letter

Date: FEB 0 7 2007

CDC 602 (12/87)

CON'T. #2

Attached HERETO IS DOCUMENTATION TO SUPPORT MY POSITION. AS YOU CAN SEE, THE CIVIL SUIT: C-06-2720 ON THIS DOCUMENTATION ALONE I SHOULD HAVE BEEN AFFORDED P.L.U. STATUS. INSTEAD, I AM NOT BEING ALLOWED TO ADEQUATELY REPRESENT MYSELF.

THERE'S A PETITION FOR WRIT OF HABEAS CORPUS PENDING# HC-05257, WHICH IS BEYOND THE 60 DAY EXTENSION TIME LIMIT. I HAVE LEGAL RESEARCH THAT NEEDS TO BE DONE TO REPLY AND MAINTAIN MY LEGAL MATTERS. I CANNOT DO THIS WITHOUT BEING AFFORDED THE OPPORTUNITY TO HAVE LIBRARY ACCESS, AT LEAST 2 HOURS PER WEEK, MINIMUM.

ALL OF THIS DOESN'T EVEN INCLUDE THE REARCH AND PHOTOCOPYING OF MY LEGAL POST CONVICTION STATE AND FEDERAL MATTERS PREVIOUSLY MENTIONED. PLEASE REFER BACK TO THE ACTION REQUESTED. PURSUANT TO §3122 I SHOULDN'T BE ARBITRARILY DENIED ACCESS.

* I have no legal books or money to afford them Therefore - I must depend on "Law Library" access.



State of California                                                    California Department of Corrections and Rehabilitation

# A P P E A L  -  F I R S T  L E V E L  R E V I E W
## S A L I N A S  V A L L E Y  S T A T E  P R I S O N

**DATE:**    August 9, 2006

**NAME:**    JOHNSON, C.    **CDC #** E-65821

### APPEAL #:    FIRST LEVEL APPEAL LOG #SVSP-D-06-02043

**APPEAL DECISION:** PARTIALLY GRANTED

**SUMMARY OF APPEAL:** Appellant states that he has been unable to receive law library access nor attain Priority Legal User (PLU) status. Further, that although he has "mailed in" verification of a legal deadline, he has received only one library visit. Appellant states that he needs library access at least 2 hours per week minimum.

The appellant is requesting on appeal that he be ducated at least once per week for legal law library access as a PLU; that he be allowed access to research, photocopy and maintain his legal cases; and not be denied access to the court. .

**SUMMARY OF INVESTIGATION:** The appellant was interviewed on 8/8/06 by M. Sindel, Supervisor of Academic Instruction (A). During this interview, the appellant stated that since he was transferred from D-Facility to C-Facility he had been given PLU status and access to the C facility library.

**APPEAL RESPONSE:** When PLU status is awarded, a two-hour block of library access time will be granted each week, unless movement is restricted for safety and security reasons. Appellant has received photocopying and "paging" services by library staff. Since appellant's PLU status expired on 8/5/06 he is reminded that to reestablish PLU status he must present official court documents delineating a new court deadline to the C-facility Library Technical Assistant (LTA). No additional court documents with new deadlines have been submitted to library staff by appellant as of 8/9/06 therefore this appeal is Partially Granted.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

M.G. Sindel,
V. Principal (A)
Salinas Valley State Prison

T. Milton
Principal
Salinas Valley State Prison

State of California                                    Department of Corrections and Rehabilitation

# **Memorandum**

Date:    October 5, 2006

To:     Inmate Johnson, CDCR E65821
        Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-06-02043

> **ISSUE**: Appellant stated that despite many requests he has been unable to
> obtain law library physical access or Priority Legal User (PLU) status. Inmate
> Johnson requests weekly physical access to the law library and PLU status.
>
> **INTERVIEWED BY:** The First Level of Review (FLR) was completed on August
> 9, 2006 by M.G. Sindel, V. Principal (A). T. Melvin, Principal was assigned to
> investigate this appeal at the Second Level of Review. All submitted
> documentation and supporting arguments were considered.
>
> **REGULATIONS**:  The rules governing this issue are:
>
> 15 CCR 3122
> O.P.21, Section 21.9.7
> DOM 53060.16
>
> ## **SUMMARY OF INVESTIGATION:**
>
> A thorough examination has been conducted regarding the claim presented, and
> evaluated for this appeal in accordance with Salinas Valley State Prison (SVSP)
> Operational Procedures (OP); the California Code of Regulations (CCR); and the
> Departmental Operations Manual (DOM).
>
> During the time period specified in this inmate appeal, physical access to the
> Law Libraries at Salinas Valley State Prison was mainly limited to Priority Legal
> Users (P.L.U.)  This was the result of staff shortages and reoccurring lockdowns.
> Salinas Valley State Prison Operational Procedure 21, lists two criteria for P.L.U.
> stataus; 1.) An inmate must be representing himself in court and 2.) he must
> have a court deadline (requiring library access) within 30 days.  The letter from
> the Northern District Court  submitted by inmate Johnson to justify a legal
> deadline consisted of a request for a Certificate of Funds from Inmate Trusts and
> required no library research.   Inmate Johnson did not produce any other
> documentation allowing PLU status during June or early July.  During this period
> only paging access was available to general Library users.  Inmate Johnson was
> enrolled as a P.L.U. from July 25 to August 5, 2006.  He was ducated for law
> library on July 26th however had a conflicting appointment at the Correctional
> Treatment Facility.  He attended law library on August 1 and August 9.  On
> August 23 he was ducated to the law library however he was not included on the
> Custody incremental release list.  Johnson was next admitted to law library on

**Inmate Johnson, C.**
**Case No. SVSP-C-06-02043**
**Page 2**

September 13 and then again today, October 5. During the entire time period covered by this appeal he frequently requested and received paging services.

Salinas Valley Operational Procedure (OP) 21 states that all inmates are accommodated with the mandated access of 2 hours per week when the institution can reasonably provide this service. During the months of June, July, and August 2006 there were only 2 L.T.A.s available to operate 4 main line and 3 Administrative Segregation law libraries. This resulted in many law library services being provided through the SVSP paging service rather than through physical access. The SVSP library records do not indicate that Johnson requested any mandated material that was not supplied to him either by the means of physical access or through paging.

.**DECISION**: The appeal is **Partially Granted**. Three additional library staff members have been hired and physical access schedules are currently being revised to provide increased physical access for both PLU and GLU inmates.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

Chief Deputy Warden
Salinas Valley State Prison

ORIGINAL
FILED

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA



RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



Dear Sir or Madam:

Your complaint has been filed as civil case number **C 06 2720**.

Your complaint is deficient because:

1. _____ You did not pay the appropriate filing fee of $350.00. If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's In Forma Pauperis Application in its entirety.

2. _✓_ The In Forma Pauperis Application you submitted is insufficient because:

   _____ You did not use the correct form. You must submit this court's current Prisoner's In Forma Pauperis Application.

   _____ Your In Forma Pauperis Application was not completed in its entirety.

   _____ You did not sign your In Forma Pauperis Application.

   _✓_ You did not submit a Certificate of Funds in Prisoner's Account completed and signed by an authorized officer at the prison.

   _✓_ You did not attach a copy of your prisoner trust account statement showing transactions for the last six months.

   _____ Other _____

Enclosed you will find this court's current Prisoner's In Forma Pauperis Application, which includes a Certificate of Funds in Prisoner's Account form, and a return envelope for your convenience.

**Warning: If you do not respond within THIRTY DAYS from the filing date stamped above, your action will be dismissed and the file closed. If you submit the application, you will automatically be liable for the full filing fee, regardless of your present ability to pay the full amount of the fee.**

Sincerely,
RICHARD W. WIEKING, Clerk,

By_____
        Deputy Clerk

JOHNSON

rev. 4/9/06

FILED

1    SUPERIOR COURT OF CALIFORNIA              MAR 2 0 2006

2                COUNTY OF MONTEREY

3                                                    MELISSA MENDONSA

4    In re                        )    Case No.: HC 05257
                                  )
5    Christopher Johnson (E-65821)    )    ORDER
                                  )
6                On Habeas Corpus.  )
                                  )
7

8        Due to the high number of habeas corpus petition filings in the recent past, the

9    complexity of the issues raised therein, and the Court's pending caseload, the Court now finds

10   good cause to extend the time in which to respond to Petitioner's writ 60 days from the date of

11   this filing. Cal. Rules of Court, Rule 4.551(h).

12

13   Dated:    **MAR 2 0 2006**

14                                MARLA O. ANDERSON

15                                Hon. Marla O. Anderson
                                  Judge of the Superior Court

16

17

18

19

20

21

22

23

24

25

1

1   **CERTIFICATE OF MAILING**

2   **C.C.P. SEC. 1013a**

3   I do hereby certify that I am not a party to the within stated cause and that on

4   **MAR 2 0 2006**
_____ I deposited true and correct copies of the following document:

5   ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

6   California, directed to each of the following named persons at their respective addresses as

7   hereinafter set forth:

8

9   Christopher Johnson (E65821)
10  Salinas Valley State Prison
    P.O. Box 1050, Unit D8-111
11  Soledad, CA 93960-1050

12

13  Office of the Attorney General
    455 Golden Gate Ave., Suite 11000
14  San Francisco, CA 94102-7004
    Attn: Correctional Law Section

15

16

17

18  **MAR 2 0 2006**
    Dated:_____          SHERRI L. PEDERSEN,
19                                        Clerk of the Court

20                          By: _____
21                              Deputy          MELISSA MENDONSA

22

23

24

25

2

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

### INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



February 28, 2008

JOHNSON, CHRISTOPHER, E65821
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

RE: IAB# 0719272   SVSP-07-04434   PROPERTY

Mr. JOHNSON:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was granted at the institutional level. There is no unresolved issue to be reviewed at the Director's Level of Review.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

D.2   129   C/O REAVER - 2nd
2nd

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region   Log No.   Category
1. SVSP   C   01.04434   5
2. ___   3. ___   CAZ 184

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

AD SEG prop rest - legal material

NAME   NUMBER   ASSIGNMENT   UNIT/ROOM NUMBER
MR. CHRISTOPHER JOHNSON   E65821   N/A   C2-129

A. Describe Problem: ON 8.14.07, I WAS TAKEN TO ADMIN. SEG. FOR A 602
STAFF COMPLAINT FILED AGAINST C/O RODRIGUEZ. I NEED
MY PERTINENT LEGAL CASE MATERIALS AND COURT CASES
INORDER THAT I MAY APPEAL CASE # 5457 MO, CDSUP
AND MY FEDERAL WRIT OF HABEAS CORPUS TO THE NEXT
LEVEL WITHIN THE APPROPRIATE TIME LIMITATIONS. I
WOULD APPRIATIATE IT IF SOMEONE CAN CONTACT THE LITI-
GATION COORDINATOR TO DIRECT THE AD-SEG SGT. TO RELEASE M)

If you need more space, attach one additional sheet.   RECEIVED AUG 30 2007   LEGAL PROPERTY

B. Action Requested: A) ACCESS TO MY LEGAL PROPERTY, B) FOR THE
LITIGATION COORDINATOR TO PROCESS MY LEGAL DOCU-
MENTS TO ME. C) NOT TOBE    RECD AUG 20 2007
RETALIATED AGAINST FOR FILING APPEALS.

Inmate/Parolee Signature: C/Ir Christopher Johnson   Date Submitted: 8/17/07

C. INFORMAL LEVEL (Date Received: 9/18/07)

Staff Response: Partially granted. - If you have
not received an initial issue of your property
you will be offered legal work at that time,
if you have already received an initial issue
you must contact the Law Liberary with proof of your
pending court date to have access to your legal   9.21.0
property again.   Staff Signature: C/O Treann   Date Returned to Inmate:
RECD OCT 09 2007

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and
submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Dissatisfied: The appellant is waiting for his property and
being retaliated against for filing of appeals. I've been in
the HOLE, in a "contaminated cell" smeared with feces and
they hold on to my legal property, deodorant, shower shoes 6"
days - That's cruel punishment. Mr. C. Johnson   Date Submitted: 10/7/07

Signature:   CDC Appeal Number:
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim   9077

RECEIVED DEC 27 2007   granted
over

SVSP INMATE APPEAL SCREENING
RECEIVED COMPLETED RESPONSE ON

*Granted*

1ST E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 10·10·07  Due Date: 11·21·07

Interviewed by: I/M was given AD SEG INTL ISSUE on 10/11/07 which included Paperwork & legal paperwork.

( SEE ATTACHMENT )

C/O TReam   RET'D NOV 09 2007

Staff Signature: _____  Title: _____  Date Completed: 11/6/07

Division Head Approved:

Signature: R. Futh  Title: Capt (A)  Returned Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.  CASE# A11 0757 STOLEN FROM PROPERTY W/2 Books RETALIATIONS

Dissatisfied: I received my property my 2 Books That I wrote myself, were Stolen, my legal unit of HABEAS Corpus was missing, my cable cord was thrown away— ▮▮▮▮▮ —I threw it away. Retaliations token against me for filing of appeals: What do I do for compensation?

Signature: Mr. Christopher Johnson   Date Submitted: 11/11/07

RECEIVED NOV 13 2007

Second Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 11-13-07  Due Date: 12-13-07

☐ See Attached Letter

G. Barragan for _____

Signature: _____  T. Allen, Cct   Date Completed: 12-14-07

Warden/Superintendent Signature: _____ C DWA   RET'D DEC 18 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 16 days of receipt response.

DISSATISFIED: ALL OF MY PROPERTY ACCEPT FOR A FEW LEGAL DOCUMENT HAVE BEEN TAKEN FROM ME, SOME OF MY (2) BOOKS WERE STOLEN AS WELL AS THE ABOVE MENTION BRIEF/APPEAL BLOCKING & DENYING MY ACCESS TO COURT - THE PROPERTY WAS TAKEN UNDER GUISE OF TRANSFER, OR WHILE SITTING IN STORAGE WAITING TO BE ISSUED. THIS IS IN RETALIATION FOR ME FILING DOCUMENTS TRYING TO GET OFF THE INTERNET  Mr. Christopher Johnson   Date Submitted: 12/31/07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 83-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)   Date: _____

Dec. 25, 2007

Director of Corrections
P.O. Box 942883
Sacramento, Ca. 94283-0001

Dear Chief Appeals,
    I'm on the Internet Illegally and I'm being Raped VIA Deborah Downs and her agents who has allowed inmates/guards and the Public to torture me with Sabrina Plaza and Michelle Handy; They have guards contaminat my food everyday - steal from my lunches; They steal my mail, legal mail, checks and personal money orders. no visits no legal visits and have prohibited my access to court by confiscating my legal property - 2 books (PERSONAL HAND WRITTEN Books) and my legal appeals have been hindered where I cannot pursue Case #HC -5257 MONTEREY CO SUP. CT. (ON APPEAL) and the Writ of Habeas Corpus That I wanted to file for Federal Relief Case # A110357. (A110757) is currently Thwarted STOLEN.

    Enclosed is 2nd level response SVSP #C-07-04432. I am presently awaiting Reply from: SVSP #07-03725 currently overdue regarding Assault/Battery Guard Brutality Unnecessary Use of Force (A HATE CRIME) Again. Can you forward me a Response ASAP? I cannot proceed without one. Also, Can you help me get off the internet - it would be Highly appreciated. My gran mothers have been Killed because of this investigation, my sister uncle and JOHNNY JOHNSON my father was executed by MICHELLE GANDY - yet I've received no HELP!

            Sincerely,
            Mr. Christopher Johnson

P.S. Clb gov't Investigation last over 3 yrs! The State Breech its Contract to Imprison me Falsely. This has went far beyond a GOVERNMENT CONSPIRACY - I'm legally an Endangered Species!

tate of California                                          California Department of Corrections and Rehabilitation

# A P P E A L  -  F I R S T  L E V E L  R E V I E W
## S A L I N A S  V A L L E Y  S T A T E  P R I S O N

**DATE:** November 6, 2007

**NAME:** Johnson          **CDC #** E65821

**APPEAL #:    FIRST LEVEL APPEAL LOG #SVSP-C-07-04434**

**APPEAL DECISION:** GRANTED

**SUMMARY OF APPEAL:** The appellant states that he was sent to Administrative Segregation (Ad-Seg) because he filed a Staff Complaint against a staff member on Facility C. He needs his legal materials and court cases to assist in his appeal of case #5457.MOCDSMP, and his Federal Writ of Habeas Corpus to the next level within the appropriate time limitations.

He is requesting to be provided acess to his Legal Property. He is also requesting that he not be retailiated against for filing this appeal.

**SUMMARY OF INVESTIGATION:** The appellant was not interviewed due to the appeal being granted.

**APPEAL RESPONSE:**   This appeal is GRANTED. The appellant was issued his property on 10/11/07. The requested paperwork was included in the property. Inmates are never retaliated against because they use the appeals process.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

T. Allen
Correctional Sergeant
Salinas Valley State Prison

B. Rankin
Correctional Captain
Salinas Valley State Prison

State of California                              Department of Corrections and Rehabilitation

# Memorandum

Date:    December 14, 2007

To:      Inmate Johnson, E65821
         Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-C-07-04434

### ISSUE:

Appellant states that, upon his release from Administrative Segregation (Ad-Seg), he was not issued his property.

The appellant is requesting to have his property issued to him as soon as possible.

**REGULATIONS:** The rules governing this issue are:

CCR 3190 General Policy
CCR 3192 Possession and Exchange
CCR 3193 Liability

### SUMMARY OF INVESTIGATION:

The First Level of Review (FLR) was completed on November 6, 2007. The appellant was interviewed on 12/12/07. Lieutenant R. Boccella was assigned to investigate this appeal at the Second Level of Review.    All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

The appellant's property was sent to Facility C on 10/11/07, but due to paperwork being misplaced, was not issued to him until 12/12/07.    The appellant was interviewed on 12/12/07, and stated that he had received his property.

**DECISION:** The appeal is Granted. The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

G.A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

D.2    129
C/O REAMER -
2nd

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region  3VSP  C   Log No. 07-04434   Category  5

CAZ 184

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

AD SEG prop rest - legal material

NAME  MR. CHRISTOPHER JOHNSON   NUMBER E65821   ASSIGNMENT  N/A   UNIT/ROOM NUMBER  C2-129

A. Describe Problem: ON 8-14-07, I WAS TAKEN TO ADMIN. SEG. FOR AN 60 STAFF COMPLAINT FILED AGAINST C/O RODRIGUEZ. I NEED MY PERTINENT LEGAL CASE MATERIALS AND COURT CASE IN ORDER. THAT I MAY APPEAL CASE # 5457 Mo, C.D.SU AND MY FEDERAL WRIT OF HABEAS CORPUS TO THE NEXT LEVEL WITHIN THE APPROPRIATE TIME LIMITATIONS. I WOULD APPRIATIATE IT IF SOMEONE CAN CONTACT THE LITI GATION COORDINATOR TO DIRECT THE AD-SEG SGT. TO RELEASE M

If you need more space, attach one additional sheet.   RECEIVED AUG 30 2007   LEGAL PROPERTY

B. Action Requested: A) ACCESS TO MY LEGAL PROPERTY. B) FOR THE LITIGATION COORDINATOR TO PROCESS MY LEGAL DOCU MENTS TO ME. C) NOT TO BE    RECD AUG 20 2007 RE TALIATED AGAINST FOR FILING APPEALS.

Inmate/Parolee Signature: Mr. Christopher Johnson    Date Submitted: 8/17/0

C. INFORMAL LEVEL (Date Received): 9/18/07

Staff Response: Partially granted. - If you have not received an initial issue of your property you will be offered legal work at that time. If you have already received an initial issue, you must contact the Law Library with proof of your pending court date to have access to your legal property again.   C/O Treanor

Staff Signature:    Date Returned to Inmate: 9.24

RECD OCT 0 5 2007

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Dissatisfied: The appellant is waiting for his property and being retaliated against for filing of appeals. I've been in the HOLE in a "contaminated cell" smeared with feces and they hold on to my legal property, doesn't shower shave 6 days - That's cruel punishment. Mr. C. Johnson

Signature:    Date Submitted: 10/7/07

Note: Property/Funds Appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

RECEIVED

CDC Appeal Number:

DEC 27 2007

granted

9077

1ST LEVEL REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 10·10·07    Due Date: 11·21·07

*Granted*

Interviewed by: I/M was given AD SEG INTL ISSUE
on 10/11/07 which included paperwork &
legal paperwork.

( SEE ATTACHMENT )

C/o Tream    RET'D NOV 09 2007

Staff Signature: _____    Title: _____    Date Completed: 11/9/07

Division Head Approved:
Signature: R. Frith    Title: Capt (A)    Returned
Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

CASE# A11·0157 STOLEN FROM PROPERTY w/ 2 Books RETALIATIONS

Dissatisfied: I received my property my 2 Books That I wrote myself, were Stolen, my legal writ of HABEAS Corpus was missing, my cable cord was thrown away ▓▓▓▓▓ — I threw it away. Retaliations taken against me for filing of appeals. What do I do for compensation?

Signature: Mr. Christopher Johnson    Date Submitted: 11/11/07

RECEIVED NOV 13 2007

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 11·13·07    Due Date: 12·13·07
☐ See Attached Letter

J. Barron    for    P. Allen, Esq.

Signature: _____    Date Completed: 12·14·07
Warden/Superintendent Signature: _____    C DWA    Date Returned to Inmate: _____

RET'D DEC 18 2007

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt response.

DISSATISFIED: ALL OF MY PROPERTY ACCEPT FOR A FEW LEGAL DOCUMENT HAVE BEEN TAKEN FROM ME, SOME OF MY (2) BOOKS WERE STOLEN AS WELL AS THE ABOVE MENTION BRIEF/APPEAL BLOCKING & DENYING MY ACCESS TO COURT - THE PROPERTY WAS TAKEN UNDER GUISE OF TRANSFER, OR WHILE SITTING IN STORAGE WAITING TO BE ISSUED. THIS IS IN RETALIATION FOR ME FILING DOCUMENTS TRYING TO GET OFF THE INTERNET

Signature: Mr. Christopher Johnson    Date Submitted: 12/24/07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 502 (12/87)

Dec. 25, 2007

Director of Corrections
P.O. Box 942883
Sacramento, Ca. 94283-0001

Dear Chief Appeals,

I'm on the Internet Illegally and I'm being Raped VIA Deborah Downs and her agents who has allowed inmates/guards and the Public to torture me with Sabrin Plaza and Michelle Handy. They have guards contamina my food everyday - steal from my lunches; They steal my mail, legal mail; checks and personal money orders; no visits no legal visits and have prohibited my access to court by con- fiscating my legal property - 2 books (PERSONAL HANDWRITTEN BOOK and my legal appeals have been hindered where I cannot pursue case # HC-5257 MONTEREY CO SUP. CT. (ON APPEAL) and the Writ of Habeas Corpus that I wanted to file for Federal Relief Case # A110757. (A110757) is currently thwarted STOLEN.

Enclosed is 2nd level response SVSP. #C-07-0443. I am presently awaiting Reply from: SVSP #07-03725 currently overdue regarding Assault/Battery Guard Brutality Unnecessary Use of Force (A HATE CRIME) Again. Can you forward me a Response ASAP? I cannot proceed without one. Also, Can you help me get off the internet - it would be Highly appreciated. My grand mothers have been Killed because of this investigation, my sister uncle and JOHNNY JOHNSON my Father was executed by MICHELLE GANDY - yet I've received no HELP!

Sincerely,
Mr. Christopher Johnson

P.S. This gov't Investigation last over 3 yrs! The state Breech its Contract to Imprison me False ly. This has went far beyond a GOVERNMENT CONSPIRACY - I'm legally an Endangered

State of California                                              California Department of Corrections and Rehabilitation

# A P P E A L  -  F I R S T  L E V E L  R E V I E W
## S A L I N A S  V A L L E Y  S T A T E  P R I S O N

**DATE:** November 6, 2007

**NAME:** Johnson          **CDC #** E65821

**APPEAL #:**    **FIRST LEVEL APPEAL LOG #SVSP-C-07-04434**

**APPEAL DECISION:** GRANTED

**SUMMARY OF APPEAL:** The appellant states that he was sent to Administrative Segregation (Ad-Seg) because he filed a Staff Complaint against a staff member on Facility C. He needs his legal materials and court cases to assist in his appeal of case #5457.MOCDSMP, and his Federal Writ of Habeas Corpus to the next level within the appropriate time limitations.

He is requesting to be provided acess to his Legal Property. He is also requesting that he not be retailiated against for filing this appeal.

**SUMMARY OF INVESTIGATION:** The appellant was not interviewed due to the appeal being granted.

**APPEAL RESPONSE:** This appeal is GRANTED. The appellant was issued his property on 10/11/07. The requested paperwork was included in the property. Inmates are never retaliated against because they use the appeals process.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

_____
T. Allen
Correctional Sergeant
Salinas Valley State Prison

_____ capt (A)
B. Rankin
Correctional Captain
Salinas Valley State Prison

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:    December 14, 2007

To:      Inmate Johnson, E65821
         Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-C-07-04434

### ISSUE:

Appellant states that, upon his release from Administrative Segregation
(Ad-Seg), he was not issued his property.

The appellant is requesting to have his property issued to him as soon as
possible.

**REGULATIONS**:  The rules governing this issue are:

CCR 3190 General Policy
CCR 3192 Possession and Exchange
CCR 3193 Liability

### SUMMARY OF INVESTIGATION:

The First Level of Review (FLR) was completed on November 6, 2007.  The
appellant was interviewed on 12/12/07. Lieutenant R. Boccella was assigned to
investigate this appeal at the Second Level of Review.    All submitted
documentation and supporting arguments have been considered. Additionally, a
thorough examination has been conducted regarding the claim presented, and
evaluated in accordance with Salinas Valley State Prison (SVSP) Operational
Procedures (OP); the California Code of Regulations (CCR); and the
Departmental Operations Manual (DOM).

The appellant's property was sent to Facility C on 10/11/07, but due to paperwork
being misplaced, was not issued to him until 12/12/07.   The appellant was
interviewed on 12/12/07, and stated that he had received his property.

**DECISION**: The appeal is Granted. The appellant is advised that this issue may
be submitted for a Director's Level of Review if desired.

S.A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

In Re: C07-5766 & C07-6000
Motions for Appt of Counsel / Ruling

Office of the Clerk. U.S. Dist. Court
Northern District Court
450 Golden Gate Avenue.
San Francisco. Ca. 94102

Dear Court Clerk,

Greetings unto You & the Court! Enclosed herein Are Motions for the above-mention case as I have not received a Ruling on case # C07-6000 as this matter is extremely pertinently entwined with #C07-5766 and I requested "Expedited Consideration" due to the facts and Complexity of the issues involving "Gross Government Misconduct."

It would be "Highly Appreciated" if you could place this matter on the "Docket" to be heard by Judge Alsup and Also send me back "my copy" stamped "Filed" as the Legal Matter was a "Writ of Mandate for Prohibition" and should have been Ruled upon within the Statutory Court Rules of 28 days time limit. Again, I would really stress the "Urgency" in this matter involves "Life threatening" Consequences (overdue) - Motion was made to Consolidate both -5766 & 6000 do to Governmental Breaches in Ethical Procedure

Respectfully Conveyed,

Mr. Christopher Johnson

P.S. Can you also forward me a "Status Quo" Docket summary for C07-5766 & C07-6000? Thanks!

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



June 27, 2006

Johnson, CDC #E-65821
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

Re: Institution Appeal Log #SVSP-D-05-04344 Medical

Dear Mr. Johnson:

The enclosed documents are being returned to you for the following reasons:

Your appeal is incomplete. You must include supporting documentation. Your appeal is missing original CDC 602 form (completed).

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA

**REASONABLE MODIFICATION OR**
**ACCOMMODATION REQUEST**
CDC 1824 (1/95)

DEPARTMENT OF CORRECTIONS

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| | | 18. ADA |

*NOTE:* THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this...* ...would be covered

RECEIVED NOV 16 2005

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| MR. CHRISTOPHER JOHNSON | E65821 | N/A | | D8-111 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

BAD LOW & MID BACK (LUMBAR - SCIATICA & 5TH VERTEBRAE FRACTURE, POST'D GUN-SHOT WOUND TO LEFT HIP, TITANIUM RODIN FEMUR & ANKLE; EXTENSIVE KNEE DAMAGE

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

(SEE MEDICAL CHART) MY DISABILITY DOCUMENTATION IS DULY NOTE IN MY MEDICAL FILE. HAVE BEEN LABELED DPO BY DR. BOWMAN AT THIS FACILITY, AND IN A WHEELCHAIR.

DESCRIBE THE PROBLEM:
ON OR ABOUT 11/8/05, I SAW DR. WEIN - BUT ON 11·2·05 HE ORDERED PAIN MEDS OF ROXICET 2 PILLS 3X's A DAY. HOWEVER, I AM ONLY GETTING 1 PILL 3x's A DAY IT DOES NOT TAKE THE EDGE OF THE PAIN AWAY. I'm BEING MADE TO SUF-FER IN PAIN. I REQUESTED TO SEE AN ORTHO/NUERO SPECIALIST HE REFUSE MY REQUEST. SAYS THERE'S NOTHING THE COMMITTEE WILL DO, AND FURTHER SAID HE WOULD WEIN ME OFF ROXICET OVER 4 MO.S STARTING NEXT MONTH.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

1. TO BE RECOGNIZED/SEEN BY DR. BOWMAN FOR FOLLOW·UP 2. TO HAVE MY PREVIOUS CHRONIC CARE PAIN MANAGEMENT HONORED (ROXICET 2 PILLS 3XADAY) 3. TO BE REFERRED TO AN ORTHO SPECIALIST 4. TO BE REFERRED TO A NEUROLOGIST. 5. FOR A D.P.W. CHRONO ✱

INMATE/PAROLEE'S SIGNATURE  C. Christopher Johnson

DATE SIGNED  11/9/05

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. _SVSP_    1. _05-04344_    _B_

2. _____    2. _____    _CTC  2nd_

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.    _Pin Management / Meds_

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| MR. CHRISTOPHER JOHNSON | E65821 | N/A | D8-111 |

A. Describe Problem: ON 11·8·05 - I SAW DR. WEIN - (ON 11·2·05 HE ORDERED PAIN MEDS OF ROXICET 2 PILLS 3Xs A DAY). I AM BEING SUBJECTED TO A SERIOUS RECKLESS DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS: THE ORDER MENTIONED ABOVE HAS BEEN CHANGED TO 1 PILL 3X A DAY AND I HAVE HIP, BACK & LEG PAIN. I AM IN NEED OF AN ORTHOPEDIC SURGERY. HOWEVER, THIS DOCTOR SPECIFICALLY REFUSES TO ALLOW ME THE BENEFIT OF CHRONIC CARE PAIN MANAGEMENT BY CHANGING THE PREVIOUS ORDER THAT THE SPECIALTY CLINIC DOCTOR PRESCRIBED. I HAVE PAIN IN MY MID AND LOWER LUMBAR WHICH RADIATES DOWN TO MY HIP AND

If you need more space, attach one additional sheet.

B. Action Requested: 1. TO HAVE THIS MATTER INVESTIGATED BY THE WARDEN / INTERNAL AFFAIRS, 2. TO HAVE THIS MATTER PLACED INTO HIS PERSONNEL FILE. 3. TO HAVE THE MEDICAL REVIEW BOARD BE MADE AWARE OF THIS COMPLAINT. 4. FOR ALL MY FOLLOW·UP TO BE DONE BY SPECIALTY CLINIC AND SOMEONE OTHER THEN WEIN!

Inmate/Parolee Signature: _Mr Christopher Johnson_    Date Submitted: _11/9/05_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

SWSP-D-05-64344 (Johnson)

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 11/18/05    Due Date: 12/30/05

Interviewed by: F. Krasa on Jan. 25, 2006.

DELIVERED FEB 1 0 2006

Staff Signature: _____ Title: RN _____ Date Completed: 1/06

Division Head Approved:

Signature: _____ Title: SRJ _____ DELIVERED FEB 07 2006
Date to Inmate: _____ DELIVERED FEB 03 2006

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Dissatisfied: #1 The appeal attachment (ADDITIONAL PAGE) is missing. But I indicated can pain and a lump on my ribbs - gone un-addressed. I should be listed as a permanent wheelchair user - NOT "BPO" - and I have not been afforded the opportunity to see an Orthopedic or NEUROLOGY SPECIALIST refer to action requested.

Signature: M. Christopher Johnson    Date Submitted: Feb. 20, 06

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 3/1/06    Due Date 3/24/06

☐ See Attached Letter

Signature: M. Boyce SRN    DELIVERED MAY 1 06 2006 Completed: 3/22/06

Warden/Superintendent Signature: _____ DELIVERED JUN 0 6 2006 Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Dissatisfied: Please refer back to the action requested. I feel that my appeals attachment was stolen and the 2ND level reviewer did not interview me to see my chief complaints. My appeal ADA section was inappropriately screened out & I am being arbe-rarily discriminated against. Denied much needed medical treatment/surgeries (leg & back) Can I be interviewed?

Signature: M. Christopher Johnson    Date Submitted: 6/9/06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

# A P P E A L  -  F I R S T  L E V E L  R E V I E W
## S A L I N A S  V A L L E Y  S T A T E  P R I S O N

D8 111L

**DATE:**    January 31, 2006

**NAME:**    Johnson    **CDC #** E65821

**APPEAL #:**    FIRST LEVEL APPEAL LOG #SVSP-D-05-04344

**APPEAL DECISION:** Denied.

**SUMMARY OF APPEAL:** Appellant states ~~that Appellant states that,~~ on November 8, 2005, he saw Dr. Nguyen (Wein) on November 2, 2005 the appellant states the physician ordered pain meds of Roxicet, two tablets three times a day. It is the appellant's position that the medication order was decreased for his hip, back, and leg pain, he states that he is in need of an orthopedic surgery. The appellant states that he is being denied the benefit of chronic care pain management in that the higher dose of his medication was decreased.

The appellant is requesting on appeal The appellant requests to be seen for a follow up, have his previous chronic care pain management honored (Roxicet two pills three times a day). The appellant wants to be referred to an orthopedic specialist. Lastly, to be referred to a neurologist, and to be designated for a DPW (FULLTIME WHEELCHAIR USER) chrono.

**SUMMARY OF INVESTIGATION:** The appellant was interviewed on January 25, 2006 by J. Krossa, Registered Nurse. During this interview, the appellant stated Dr. Nguyen refused to refer him to the Orthopedic or Neurosurgeon for his back pain. The appellant was informed by the physician that his treatment included weaning him off his Roxicet prescription over a four month period (starting in December 2005).

**APPEAL RESPONSE:** Although, the appellant disagrees with the PCP (Primary Care Provider) treatment plan, the appellant's evaluation was provided by a board certified physician. It is the responsibility of the PCP to consider any outside recommendation and may or may not implement those recommendations within the CDC Health Care Services Division guidelines.

The appellant's request for an investigation is denied. The appellant is advised that as his appeal was not categorized as a staff complaint only the medical issues are addressed. The appellant's request for disciplinary action and/or notification to the Medical Review Board against the provider is denied. Inmates may not dictate staff discipline nor are they privileged to the outcome of any disciplinary findings. The appellant's request to be seen in a specialty clinic and/or a different provider is denied. Inmates may not dictate staff assignments.

The appellant is advised that if and when the requested medical care is medically indicated such will be ordered by his PCP.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.


J. Krossa
Registered Nurse

M. Byrne
Supervising Registered Nurse II
Salinas Valley State Prison

**DELIVERED FEB 0 7 2006**        **DELIVERED FEB 0 9 2006**

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:  March 24, 2006

To:    Inmate Johnson, E65821
       Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-05-04344

### ISSUE:
Appellant states that he saw Dr. Nguyen (Wein) on November 18, 2005 after he
ordered pain medication of Roxicet two pills three times a day (11-2-05). The
appellant states that he has serious medical needs.  He disagrees with the
above pain medication having been reduced to one pill three times a day.  He
states that he has hip, back, and leg pain. He further states that he is in need of
orthopedic surgery.  It is the appellant's position that the doctor refuses to allow
him the benefit of chronic care pain management as noted by the medication
reduction. The original medication order prescribed by the specialty clinic doctor.

The appellant requests to have the matter investigated by the warden/internal
affairs.  The appellant wants the matter placed into Dr. Nguyen's personnel file
and wants the medical review board to be noticed of this complaint.  Lastly, the
appellant wants all of his follow-up appointments to be done by the specialty
clinic and that another doctor attends to him.

**INTERVIEWED BY**:  J. Krossa, Registered Nurse on January 25, 2006.

**REGULATIONS**:  The rules governing this issue are:

### California Code of Regulations, Title 15 Section:
3350  Provision of Medical Care and Definition
3350.1 Medical Treatment/Service Exclusions
3354.1 Health Care Responsibilities and Limitations

### SUMMARY OF INVESTIGATION:

The First Level of Review (FLR) was completed on January 31, 2006.  M. Byrne,
SRN II was assigned to investigate this appeal at the Second Level of Review.
All submitted documentation and supporting arguments have been considered.
Additionally, a thorough examination has been conducted regarding the claim
presented, and evaluated in accordance with Salinas Valley State Prison (SVSP)
Operational Procedures (OP); the California Code of Regulations (CCR); and the
Departmental Operations Manual (DOM).

Inmate Johnson, E65821
Log No.: SVSP-D-05-4344
Page 2

The appellant elevated to the Second Level of Review on February 20, 2006 his continued dissatisfaction as he states new issues of which he maintains that were on an appeal attachment. A check of all copied documents fails to locate any other attachments and a review of the First Level Response fails to list in the appellant's request these new issues as part of his request. The appellant is advised to submit a CDCR 7362 HEALTH CARE SERVICES REQUEST form to his clinic for an appointment with his physician to discuss his new requests. The appellant states that he should be listed as a permanent wheelchair user, not "DPO". The appellant further states that he has not been afforded an opportunity to see an orthopedic or neurology specialist.

The appellant initially stated that the physician reduced his pain medication of Roxicet. Review of the physician's order for the indicated dates revealed that the physician did not make any change in the dose of Roxicet. The prescription was for two tablets three times a day as the appellant stated that he needed to control his pain. The PCP discussed with the appellant his treatment plan to wean the inmate/patient from this medication. The prescription expired on February 17, 2006. The appellant has been provided appropriate care by a board certified internist. As such, the requests for other referrals has also been evaluated by the primary care provider and all appropriate referrals made.

The appellant offers no new information to support his request for re-examination of his current DPP status. The appellant was evaluated for his current DPP status by Dr. R. Bowman on July 20, 2005. The appellant is designated DPO.

The request for an investigation is denied. The appeal was not categorized as a staff complaint and therefore, only the medical issues were addressed:
(Requests #1, 2, 3, &4). Inmates may not dictate staff discipline or assignments these requests are denied.

**DECISION**: The appeal is **Denied.**

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.


CHARLES DUDLEY LEE, MD
Health Care Manager
Salinas Valley State Prison



STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

### INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



April 24, 2008

JOHNSON, CHRISTOPHER, E65821
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020

RE: IAB# 0725488     SVSP-08-01289    ADA

Mr. JOHNSON:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal.  The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal.  The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process.  The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

Your appeal was granted at the institutional level.  There is no unresolved issue to be reviewed at the Director's Level of Review.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**

CDCR 1824 (Rev. 10/06)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| SVSP   CB | 01289 | 18. ADA |

DPP Code is DPO

*CA 2*

NOTE: THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

SPLIT APPEAL; CAZ respond only to confiscated wheelchair ←

In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act. Medical Appliance - removal

| INMATE/PAROLEE'S NAME(PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| MR. CHRISTOPHER JOHNSON | E65821 | ADA | | D1-105 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you. If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:    RECEIVED MAR 2 4 2008

BAD LOW BACK, LEFT KNEE DAMAGE, GUN SHOT WOUND

ANKLE HAS METAL FROM FRACTURE

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

PLEASE NOTE ENCLOSED CHRONO'S DISABILITY VERIFICATION DISABILITY PLACEMENT PROGRAM & COMPREHENSIVE ACCOMMODATION CHRONO SINCE 7/20/05 TIL PRESENT 9/07

REC'D APR 03 2008

DESCRIBE THE PROBLEM:

THEY C/O HAMILTON, STOLE MY WHEELCHAIR FROM ME ON OR ABOUT 2 WEEKS AGO, I CAN'T GET TO & FROM MY APPOINTMENTS BECAUSE A BAD HIP, KKEE & BACK INJURIES. PLUS, THIS MATTRESS IS EXTRA THIN - & I HAVEN'T RECEIVED MY NEW ONE.

* AMERICAN'S WITH DISABILITIES ACT DISCRIMINATION

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

1) ISSUANCE of A NEW WHEEL CHAIR & FOR STAFF TO RECOGNIZE MY DPO STATUS 2) TO BE ISSUED A NEW MATTRESS FROM THE WARE HOUSE (MEDICAL SUPPLY) HERETO ENCLOSED ARE APPROPRIATE CHRONO'S PURSUANT TO THE DPP PROGRAM 3) SURIGICAL CONSULT FOR LEFT KNEE EXTENSIVE DAMAGE & BAD LOW BACK !

Mr. Christopher Johnson
INMATE/PAROLEE'S SIGNATURE

3/10/08
DATE SIGNED

REASONABLE MODIFICATION OR ACCOMMODATION REQUEST                    Page 2 of 2
CDCR 1824 (Rev. 10/06)

| REVIEWER'S ACTION |
|---|

**TYPE OF ADA ISSUE**

DATE ASSIGNED TO REVIEWER: 3/14/08
DATE DUE: 4/7/08

☐ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

    ☒ Auxiliary Aid or Device Requested

    ☐ Other _____

☐ PHYSICAL ACCESS (requiring structural modification)

DISCUSSION OF FINDINGS: THE APPELLANT IS REQUESTING A WHEELCHAIR AND TO
HAVE ACCESS TO IT IN HIS CELL

```
SVSP INMATE APPEALS OFFICE
RECEIVED COMPLETED RESPONSE ON

        MAR 21 2008

1ST LVL ☑          2ND LVL ☐
```

3/18/08
DATE INMATE/PAROLEE WAS INTERVIEWED

7. Alla
PERSON WHO CONDUCTED INTERVIEW

**DISPOSITION**

☑ GRANTED      ☐ DENIED      ☐ PARTIALLY GRANTED

BASIS OF DECISION: THE APPELLANT REQUIRED A WHEELCHAIR

( SEE ATTACHMENT

**NOTE:** *If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.*

| DISPOSITION RENDERED BY (NAME) | TITLE | INSTITUTION/FACILITY |
|---|---|---|
| T. Alla | Set | SUSY D½ ASU |

| APPROVAL | | |
|---|---|---|

ASSOCIATE WARDEN'S SIGNATURE

DATE SIGNED
3/30/08

DATE RETURNED TO INMATE/PAROLEE
MAR 2 0 2008

STATE OF CALIFORNIA

· DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region

Category 18

CA2 2nd

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.      Confiscate   Whetchar

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MR. CHRISTOPHER JOHNSON | E6S822 | ADA | D1-105 |

A. Describe Problem: _____

SEE    ATTACHMENT         RECD APR 01 2008

NO   NEW   WHEEL CHAIR
NO   NEW   MATTRESS
NO   SURGICAL   CONSULT   FOR   LEFT   KNEE   DAMAGE
& LOW   BACK

If you need more space, attach one additional sheet.

B. Action Requested:  1) ISSUANCE NEW WHEELCHAIR
2) ISSUANCE NEW MATTRESS
3) SURGICAL CONSULT FOR LEFT KNEE & LOWER
BACK !  4) DOUBLE PORTION - VEGETARIAN STATUS HONORED

Inmate/Parolee Signature  Mr Christopher Johnson    Date Submitted: 3/30/08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

RECEIVED APR 21 2008 INMATE APPEALS BRANCH

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____ _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                                          Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

DISSATISFIED: I WENT TO CTC TO BE ABLE TO EAT AS I AM MALNOURISHED
THEN WHEN I GET RELEASED - MY NEW WHEELCHAIR, MATTRESS IS STOLEN
BY GUARDS, AND THEY DO NOT WANT TO HONOR THE PHYSICIANS ORDERS FOR
DOUBLE PORTIONS-VEGETARIAN DIET, AND MY BACK & KNEE IS KILLING ME (PAINFUL)
I NEED TO TALK TO A DOCTOR ASAP!

Signature: Mr Christopher Johnson    Date Submitted: 4/2/08

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other  4/3/08

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 4/3/08    Due Date: 4/17/08
☐ See Attached Letter

Signature: _____    Date Completed: 1/8/08

Warden/Superintendent Signature: _____    Date Returned to Inmate: 2008

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

DISSATISFIED: PAULA BONELLA & SABRINA PLAZA w/ MICHELLE GANOY RETALIATES AGAINST
ME FOR FILING APPEALS, HAVE OBSTRUCTED, MY MEANINGFUL ACCESS TO THE COURTS
THAT'S THE REASON "I'M ON THE INTERNET BEING TORTURED," #1 MY WHEEL CHAIR WAS
CONFISCATED FOR ATLEAST 2 or 3 Wks BY A C/o HAMILTON FOR THE AFOREMENTION PERSON'S AN
#2 THAT'S THE REASON - I'M MALNOURISHED - AND STAFF DON'T WANT TO HONOR "DOUBLE PORTION
FOOD CHRONO's "VEGETARIAN" #3 THERE NEEDS TO BE AN "INTERNAL AFFAIRS "INVESTIGATION I CAN
EVEN GET A SURGICAL CONSULTATION - PROPERTIES OF MINE & FOOD CONTAMINATION IS PREVALENT! HEL

Signature: Mr Christopher Johnson    Date Submitted: 4/17/08

0725488 |||||||||||||||

Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

INMATE APPEALS OFFICE
RECEIVED COMPLETED RESPONSE ON

APR 0 9 2008

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other
☐ See Attached Letter

1ST LVL ☐    2ND LVL ☐
Date:

CDC 602 (12/87)   *CAN YOU PLEASE GET ME OFF THE INTERNET?
THEY KILLED MY FATHER- ONE OF MY DAUGHTERS - LORD KNOWS I "MIGHT BE NEXT!
I DON'T RECEIVE MY MAIL, PACKAGES, LEGAL MAILS BEING STOLEN & ORDERS!
INTERNAL AFFAIRS PLEASE HELP!

★
State of California                                                        California Department of Corrections and Rehabilitation

# A P P E A L  -  F I R S T  L E V E L  R E V I E W
# S A L I N A S  V A L L E Y  S T A T E  P R I S O N

**DATE:**   March 18, 2008

**NAME:**   Johnson   **CDC #** E65821

**APPEAL #:   FIRST LEVEL APPEAL LOG #SVSP-D-08-01289**

**APPEAL DECISION:** GRANTED

**SUMMARY OF APPEAL:** Appellant states he needs a wheelchair because he cannot get around.

The appellant is requesting that he be given a wheelchair and be allowed to have access to it in his cell

**SUMMARY OF INVESTIGATION:** The appellant was interviewed on 03/18/08 by Sergeant T. Allen. He stated that he has a wheelchair in his cell, but it is not the same one that he was given when he was housed in D2.

The Medical Supply Staff were contacted and stated that they knew about the appellants need for a wheelchair and would bring it as soon as possible.

A temporary wheelchair was located and placed in the appellants cell pending the delivery of a permanent wheelchair.

**APPEAL RESPONSE:** Appellant's request to be given a wheelchair and to have access to it while he was in his cell is GRANTED. He was given a temporary wheelchair on 3/18/08 and will keep that until a permanent wheelchair is delivered to him.

T. Allen
Correctional Sergeant
Facility D

B. Rankin
Correctional Captain (∿)
Facility D

State of California                                        Department of Corrections and Rehabilitation

# Memorandum

Date:    April 8, 2008

To:      Inmate Johnson, E65821
         Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-D-08-01289

### ISSUE:

Appellant claims staff confiscated his wheelchair and mattress. He states that
they will not honor his double portion chrono.

Appellant requests issuance of his wheelchair and mattress. Appellant requests
staff ensures that he gets two portions at every meal.

**REGULATIONS:** The rules governing this issue are:

ARP I Policy
ARP II.A Qualified Inmate/Parolee
ARP II.D.3 Equal Access
ARP IV.E.3 Possession of Health Care Appliances
ARP IV.H.20 Removal of Health Care Appliances in ASU/SHU/Disciplinary De-
tention Units

### SUMMARY OF INVESTIGATION:

The First Level of Review (FLR) was completed on 3/18/08. The appellant was
interviewed on 3/18/08 by Sergeant T. Allen. Lieutenant R. Fritz was assigned to
investigate this appeal at the Second Level of Review. All submitted documenta-
tion and supporting arguments have been considered. Additionally, a thorough
examination has been conducted regarding the claim presented, and evaluated
in accordance with Salinas Valley State Prison (SVSP) Operational Procedures
(OP); the California Code of Regulations (CCR); and the Departmental Opera-
tions Manual (DOM).

This appeal was split into two appeals requiring two responses in order to provide
the appellant with the most appropriate response to his issues. This response will
only respond to the issue of "confiscated wheelchair."

The appellant attached a CDC Form 7221, entitled "Psychiatrist Discharge Or-
ders from the MHCB, dated 02/07/08, noting his discharge from Mental Health
Crisis Bed (MHCB). The form 7221 noted special instructions – other: double
portions, vegetarian diet. The medical issue noted in the original ADA appeal will
be responded in a separate appeal and shall address the appellant's request to
be issued double food portions.

The appellant's filing and attachments have been reviewed. The appellant said he was sent to the SVSP Correctional Treatment Center (CTC) for treatment as he claimed he was not eating and was malnourished. Appellant said when he returned from the CTC he believed that Correctional Officer Hamilton confiscated his wheelchair.

The appellant's request for a wheelchair and new mattress was granted at the FLR of this appeal. Dissatisfied, the appellant resubmitted for a Second Level Review. Appellant stated when he returned from the CTC, staff had confiscated his wheelchair.

In review of this issue, it was found that the appellant was in fact in possession of his wheel chair and a mattress. During inventory of the appellant's cell, it was noted the appellant has a new mattress and has his wheelchair inside his cell. When the appellant went to the CTC, staff did confiscate his wheelchair, but only did so temporarily to move another ADA inmate. The appellant was given back his wheelchair when he returned from the CTC.

The appellant was upset that staff were not giving him double portions for his meals but stated he had a mattress and wheelchair and was satisfied. However, the appellant appears to be upset he was not receiving double food portions during meals, but he understood his food portion issue is being addressed in the spilt appeal responded to by medical staff.

As discussed above, the appellant's wheelchair was returned to him upon his return from the CTC. The appellant alleged discrimination based on his disability. The appellant's belief of discrimination is unfounded as this review has found that staff remain very responsive to the appellant's issues.

**DECISION:** This appeal is granted, as the appellant is in possession of his wheelchair and staff are aware of his Disability Placement Program code of DPO. The issue of double food portions shall be addressed in the split portion of this appeal by medical staff after confirmation from the appellant's Primary Care Physician. The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

G. A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

EXHIBIT D

CALIFORNIA MEDICAL FACILITY
MACK WEST JR.
#F-660029-L-205U
P.O.BOX 2500
VACAVILLE,CA 95696-2500

AUGUST 12,2008

TO:WARDEN MIKE KNOWLES
    1600 CALIFORNIA DRIVE
    VACAVILLE,CA 95687

                                ROSEN&BIEN&GALVAN LLP
                                P.O.BOX 390
                                SAN FRANCISCO,CA 94104


    RE:OFFICER LASSITER'S DELIBERATE ACT TO FRUSTRATE INMATE APPEAL EFFORTS
    FOR THE PURPOSE OF COVERING UP MISCONDUCT AND MISTREATMENT.


    DEAR WARDEN MIKE KNOWLES,

        ON OR ABOUT AUGUST 10,2008,myself and my room mate Christopher
    JOHNSON WERE IN OUR CELL#L-205 AND CHRISTOPHER JOHNSON WERE EXPERIENCING
    INAPPROPRIATE AND INADEQUATE MEDICAL TREATMENT IN WHICH MR.JOHNSON
    REITERATED TO MEDICAL STAFF AND OFFICERS HOUSED ON L-2.

        OFFICER LASSITER APPROACHED OUR CELL(205) and ASKED MR.JOHNSON TO
    COME GET HIS MEDICATIONS.MR.JOHNSON REITERATED THAT HE WAS SUFFERING
    EXCRUCIATING BACK PAIN WHICH PREVENTED HIM FROM GETTING INTO HIS WHEELCHAIR
    AND COULD HE(lassiter)ASK THE NURSE TO COME AND GIVE HIM ,HIS TYLENOL #3
    MEDICATION.

        OFFICER LASSITER THEN STATED THAT HE HAD JUST WENT DOWN TO B-1
    YESTERDAY AND THE NURSE TOLD HIM THAT HE(MR.JOHNSON)THREATEN HER BY SUING
    HER.AND THAT YOU GUYS COME IN HERE WITH THIS FUCKING AROGANT ATTITUDE
    THINKING YOU GUYS GOT SHIT COMMING.HE WENT ON TO STATE,IF HE FIND OUT THAT
    MR.JOHNSON FILE ANY PAPER WORK ON HIM,HE WOULD PERSONALLY HARM HIM AND GET
    HIM MOVED.BECAUSE WE DON'T LIKE POEPLE WHO FILE PAPER WORK.MR.JOHNSON REPLIED
    ARE YOU THREATENING ME.LASSITER RESPONDED IN A MENACING TENOR MATTER
    YOU FUCKING RIGHT AND MR.WEST CAN BE YOUR WITNESS,I WILL FUCK BOTH OF YOU
    GUYS UP.I HAVE BEEN THROUGH THE 602 AND OTHER PAPER GAMES AND ALL I WILL
    DO IS CREATE A INCIDENT WITH THE BOTH OF YOU TO JUSTIFY PUTTING MY HANDS ON
    YOU GUYS TO HARM YOU GUYS...AND I BEEN WORKING HERE 18 YEARS WE KNOW HOW TO
    COVER OUR ASS.

        I NOTIFIED OFFICER ALLENDER AND SHE STATED THAT SHE DID NOT WANT TO
    HERE THIS CRAP BECAUSE THEY BEEN WORKING TOGETHER FOR A LONG TIME AND THATS
    MY PARTNER...AND WE OPERATE IN HIGH STANDARDS.

        WE ARE ASKING THAT WE BE PROTECTED FROM OFFICER LASSITERR RETALIATION
    AND HIS USES OF THE GODE OF SILENCE AND CRIMINAL MALFEASENCE AND HIS
    ATTEMPT TO FRUSTRATE OUR INMATE APPEAL FIRST AMENDMENT RIGHT THROUGH THREATS
    TO CAUSE US PHYSICAL HARM .THAT WE BE ALLOWED TOFFILE 602's WITHOOUT ANY
    REPRISALS WHATSOEVER.THAT OFFICER ALLENDER FOLLOW PROCEDURES WHEN MISCONDUCT
    IS REPORTED AND NOT COVER UP SUCH.(WE BE ALLOWED TO FILE THE APPEAL ON
    THIS ISSUE.)

    SINCERELY,

    MWJR

    MACK WEST JR.

                CC:WARDEN/ROSEN...

*DECLARATION OF MACK WEST JR.*

I MACK WEST DECLARES AS FOLLOWS:

1. ON AUGUST 4, 2008 I AND INMATES CHRISTOPHER JOHNSON CAME INTO L-2 HOLDING AT THE SAME TIME WHILE AT CALIFORNIA MEDICAL FACILITY IN VACAVILLE, CALIFORNIA.

2. SHORTLY AFTER BEING HOUSED IN L-2 HOUSING UNIT MYSELF AND CHRISTOPHER JOHNSON WAS MADE CELLMATES, IN CELL # 205.

3. WHILE HOUSED WITH CHRISTOPHER JOHNSON IN L-205, HE BEGAN TO EXPERIENCE EXCRUCIATING PAIN TO HIS LOWER BACK AND HE COULD NOT WHEEL HIS SELF TO NOTIFY THE OFFICERS ON L-2.

4. JOHNSON C. ASKED ME TO NOTIFY THE OFFICERS WHICH RESULTED IN HIM GOING TO B-1 (MEDICAL WING) AND SUPPOSELY GET CHECKED OUT. HE WAS THEN ALLOWED TO EAT HIS MEALS IN HIS CELL AND HE WAS GIVEN HIS MEDICATION FOR HIS PAIN ONLY ONE DAY WHILE IN THIS CONDITION.

5. ON AUGUST 10, 2008 OFFICER ~~BOOKER~~ LASITER CAME TO OUR CELL AND TOLD MY CELLIE C. JOHNSON THAT THE NURSE INFORMED HIM OF A SUPPOSELY THREAT WHICH ENTAILS C. JOHNSON PUTTING HER IS HIS LAWSUIT.

6. OFFICER LASITER THEN STATED THAT "YOU GUYS COME IN THIS PLACE WITH THIS ~~ARROGANT~~ ARROGANT ATTITUDE LIKE YOU GUY FUCKING GOT SOMETHING COMING AND SHIT. AND IF I CATCH MY NAME ON EITHER OF YOUR GUYS PAPER OR 602's I WILL PERSONALLY PUT MYSELF IN A POSITION TO FUCK YOU AND YOUR CELLIE UP TO GET YOU GUYS MOVED OUT OF HERE TO THE HOLE OR SOME FUCKING PLACE. BECAUSE WE DON'T LIKE PEOPLE WHO FILE PAPERWORK AND AS FOR YOUR MEDICAL CONDITION WITH YOUR BACK PAIN YOU DON'T HAVE NOTHING COMING AND YOU DON'T HAVE A LAND TO SAY YOU CAN HAVE FOOD SERVED IN YOUR CELL, THEN YOU GOT TO GET UP AND WHEEL YOURSELF DOWN THE HALLS TO EAT.

7. CHRISTOPHER JOHNSON REPLIED THAT HE CAN' GET UP TO WHEEL HIS SELF TO EAT, BECAUSE HE'S IN EXCRUCIATING PAINS AND THAT HE NEEDS TO SEE A DOCTOR AND REFERRED TO ALL HIS MEDICAL CHRONO'S THAT HE HAD IN SALINIS VALLEY STATE PRISON TO SHOW HIS WAS NOT PUTTING ON A SHOW OR PLAYING GAMES.

8. OFFICER LASSITER ~~REPLY~~ RESPONDED THAT "WHAT YOU ARE ASKING FOR IN THIS UNIT (L-2) WE DON'T DO, WE JUST DON'T ~~DO~~ FUCKING DO IT HERE YOU CAN FILE ALL THE PAPERWORK IN THE ~~WORLD~~ WORLD ON ME AND LET MR. WEST BE YOUR WITNESS AND I WILL CREATE A INCIDENT TO WHERE I WILL FUCK YOU ~~U~~ AND HIM UP."

9. C. JOHNSON THEN REPLIED "ARE YOU THREATENING US." AND OFFICER LASSITER STATED "YOU FUCKING RIGHT." "I BEEN HERE EIGHTEEN YEARS AND BEEN THROUGH THIS PAPER GAME BEFORE AND LIKE I SAID I WILL PUT ⬛ TOGETHER A INCIDENT WHERE I WILL PUT MY HANDS ON YOU GUYS TO GET YOU MOTHERFUCKER OUT OF HERE. I DON'T HAVE NOTHING FURTHER TO SAY TO EITHER OF YOU."

10. I THEN WENT OUT THE CELL TO NOTIFY THE NURSE OF MY CELLIES MEDICAL CONDITION WHEN OFFICER ALLENDER PROVOKE A INCIDENT WITH ~~WE~~ ME BECAUSE I WOULD NOT GIVE UP MY I.D. CARD SO SHE CAN HAND IT TO NURSE BY SAYING "I WAS BEING A HARDHEAD JACKASS AND FAILING TO PROGRAM ON THIS UNIT."

11. I TOLD HER THAT "I WAS NOT GETTING ANY MEDS. AND IT WOULD NOT MAKE ANY SENSE TO GIVE UP MY I.D. CARD AND I NEVER TOLD YOU THAT I DID NOT WANT TO PROGRAM ON THIS UNIT, SO WHERE ARE YOU GETTING THIS INFORMATION FROM."

12. OFFICER LASSITER WALKED UP AND SAID "YOU GUYS COME IN HERE THINKING YOU GUYS RUN SHIT AND YOU KNOW WHAT I SAID AWHILE AGO."

13. I SAID LOOK MAN I'M NOT MY CELLIE I DON'T TAKE THREATS

... AND WAS INTERRUPTED BY OFFICER ALLENDER YELLING WITH MENACING TENOR YOU LOCK THE "F" DOWN NOW.

14. I COMPLYED AND LOCKED DOWN....

~~I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND IS TRUE TO THE BEST OF~~

15. I WITNESSED LIEUTENANT DOUGLAS INSIST ON CONDUCTING A HEARING OR 115 HEARING DURING MEDICATION TIME AND CHRISTOPHER JOHNSON REQUESTED TO GET HIS MEDICATION FIRST BECAUSE HE IS EXPERIENCING SEVER BACK PAIN, BUT LT. DOUGLAS DISREGARDED THIS REQUEST AND REFUSE TO ALLOW C. JOHNSON HIS MEDICATION.

~~I DECLARE UNDER PENALTY OF PERJURY~~

16. I ALSO WITNESSED MEDICAL STAFF REFUSE CHRISTOPHER JOHNSON MEDICAL TREATMENT CONCERNING HIS BACK PAINS.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNED, AUGUST 11, 2008 AT CMF IN VACAVILLE, CALIFORNIA

M WOR
MARK WEST JR

3 of 3

**Case Name:** WRIT OF MANDATE / HABEAS · DIRECT APPEAL (FEDERAL)

**Case Number:** C07-6000 & C07-5766

**Court:** U.S. DISTRICT COURT, NORTHERN CALIF. CT.

## PROOF OF SERVICE BY MAIL

I, MR. CHRISTOPHER JOHNSON declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on __8/24/08__ I served the attached: a true copy of the attached:

MOTION TO HALT RICO ACT INVESTIGATION & LIFT PLAINTIFFS/ PETITIONER FEDERAL HOLD - IMMEDIATE FEDERAL EXECUTIVE CLEMENCY OR STAY OF EXECUTION - FEDERAL RELEASE. MEMORANDUM POINTS & AUTHORITIES, AFFIDAVITS IN SUPPORT. (INTERNET BROADBAND REMOVAL)

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

OFFICE OF CLERK, U.S. DIST. CT
NORTHERN DISTRICT OF CALIF.
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA. 94102

OFFICE OF THE INSPECTOR GEN.
P.O. BOX 348780
SACRAMENTO, CA. 95834

MOTIONS UNIT
US. COURT OF APPEAL 9TH CIR
P.O. BOX 193939
SAN FRANCISCO, CA.
94119-3939

ATTORNEY GENERAL
455 GOLDEN GATE AVE., 11,000
SAN FRANCISCO, CA. 94102
ATTN: CORRECTIONAL LAW SECTION

DISTRICT ATTORNEY'S OFFICE
DAVID PAULSON
600 UNION AVENUE
FAIRFIELD, CA. 94533

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the __24TH__ OF AUGUST 2008 at California Medical Facility, Vacaville, California.

MR. CHRISTOPHER JOHNSON
**Declarant**

Mr. Christopher Johnson
**Declarant's Signature**

UNITED STATES POSTAGE

$ 04.80°

MAILED FROM ZIP CODE 95698

FIRST CLASS

CA MEDICAL FACILITY

MR. CHRISTOPHER JO HANSON
CALIFORNIA MEDICAL FACILITY
#E 65821 - L2-205L
P.O. BOX 2000
VACAVILLE, CA. 95696-2000

U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA. 94102
ATTN OFFICE OF THE CLERK

RECEIVED

AUG 2 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LEGAL MAIL